12-31-12 8
CL

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA**
_____Pensacola_____ **DIVISION**

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRO SE (NON-PRISONER) LITIGANTS IN ACTIONS UNDER 28 U.S.C. § 1331 or § 1346 OR 42 U.S.C. § 1983

Caleem LaRonde ,

_____ .

(Enter full name of Plaintiff(s))

vs.

CASE NO: 3:13cv4 MCR/CJK
(To be assigned by Clerk)

Sgt. C. Mason ,
Cptn. E. Swails ,
Nurse, I. Nieves ,
Nurse, L. Brady ,

_____ .

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

**I. PLAINTIFF:**
State your full name and full mailing address in the lines below.

Name of Plaintiff: Caleem LaRonde
Mailing address: Santa Rosa Correctional Institution 5850 East Milton Road, Milton, Florida 32583

**II. DEFENDANT(S):**
State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for **every** Defendant:

(1) Defendant's name: Charles Mason
    Official position: Sergeant
    Employed at: Santa Rosa C.I.
    Mailing address: 5850 East Milton Rd. Milton, Fl 32583

(2) Defendant's name: E. Swails
    Official position: Captain
    Employed at: Santa Rosa C.I.
    Mailing address: 5850 East Milton Rd. Milton, Fl 32583

(3) Defendant's name: I. Nieves
    Official position: Nurse (ARNP)
    Employed at: Santa Rosa C.I.
    Mailing address: 5850 East Milton Rd. Milton, Fl 32583

(4) Defendant's name: L. Brady
    Official position: Nurse (RN)
    Employed at: Santa Rosa C.I.
    Mailing address: 5850 East Milton Rd. Milton, Fl 32583

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

2

### III. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

(1) On October 29, 2011, the plaintiff fell and broke his left forearm/wrist, in K-dorm at SantaRosa C.I. at approximately 7:45pm.

(2) Plaintiff notified the dorm supervisor of his injury, and was immediately sent to the medical clinic of the institution, at approximately 8:00pm.

(3) Upon arrival to the above mentioned clinic at SantaRosa C.I., the plaintiff was examined by 2 medical nurses who completed an incident report pertaining to plaintiff's injuries. The nurses informed the plaintiff that he will have to go to the Emergency Room at SantaRosa Medical Center for treatment because, no doctors were at the institution on Saturdays and, the injury appeared to be an emergency situation. The nurses called for transporting officers, to take plaintiff to the Emergency Room.

(4) At approximately 9:30pm on 10-29-11, transporting officers Defendant Sgt. Mason and Officer B. Sefurley arrived to the clinic, in order to transport the plaintiff to SantaRosa Medical Center. The plaintiff was escorted to transporting vehicle where he was shackled, handcuffed and, chained around his waist. Plaintiff pleaded with defendant Sgt. Mason to loosen or remove the left handcuff because, the too tight cuffs increased pain to the plaintiff's left forearm/wrist that was broken. Defendant Sgt. Mason stated to the plaintiff, "the handcuffs are supposed to be tight for security reasons." Plaintiff was then put in the backseat of the vehicle with defendant Sgt. Mason driving and, Officer Sefurley in passenger seat, headed to Emergency Room.

3

[ See: Attached ]

## IV.   STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section III. If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.

During all the events mentioned herein this complaint, Defendant's Sgt. Mason, Cptn. Suxils, Nurse Nieves and, Nurse Brady, acted under Color of State Law, while in the Scope of their duties as prison officials.

[See: Attached Claims]

## V.   RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

A) Declatory Injunction, that defendant's agent or agency give plaintiff any and all therapy/medical treatment pertaining to injury.

B) Compensatory Damages, in the amount of $10,000.00 from each defendant in their individual ▓▓▓▓ capacities.

[See: Attached]

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

11-1-12
(Date)

Caleem LaRowe
(Signature of Plaintiff)

Revised 07/02

4

## Statement Of Facts cont.

5) Upon arrival of the Santa Rosa Medical Center at about 10:00pm on October 29, 2011, the plaintiff, defendant Sgt. Mason and, Officer Sefurley waited in the emergency room to be examined by medical personnel. At about 11:00pm, the plaintiff's vitals were checked by an unknown medical nurse.

6) At about 12:00 am on 10-30-11, the plaintiff was screened for an X-ray of his broken forearm/wrist, by medical nurse Michael Sweet, who is an employee at Santa Rosa Medical Center. Nurse Michael Sweet observed the plaintiff's injury and asked the plaintiff if he was in pain. Plaintiff replied yes, and was given pain pills from Nurse Michael Sweet. The plaintiff was in excrutiating pain so, he took the ibuprofen.

7) After Nurse Michael Sweet completed the plaintiff's X-ray, he took the X-ray results to a Doctor's room for examination. Nurse Michael Sweet then returned with Doctor Moudar Alshazley. Dr. Alshazley informed the plaintiff, defendant Sgt. Mason and, Officer Sefurley that the plaintiff's left forearm/wrist is broken and will need immediate operation.

8) After recieving this information from Dr. Moudar Alshazley, defendant Sgt. Mason became very angry and, stated to the doctor, "Oh no he's not." I was only told to bring the prisoner here for an X-ray, nobody said anything about treatment." As the plaintiff watched in pain and, disbelief, Dr. Moudar Alshazley stated to defendant Sgt. Mason, "It is against hospital policy to discharge a patient without treating a known and visible injury." Defendant Sgt. Mason became very hostile and arguementive stating," I was supposed to get off work at 11pm and, I am not going to be babysitting an inmate."

# Statement Of Facts cont.

9a) Dr. Moudar Alshazley then told defendant Sgt. Mason, "I'm going to call your supervisor to get permission to treat him". Dr. Alshazley then went into her office while the plaintiff, Nurse Michael Sweet, defendant Sgt. Mason and Officer Sefurley waited in the hallway of the Emergancy Room.

10a) After about ten minutes, Dr. Alshazley returned to the hallway to speak with defendant Sgt. Mason. Dr. Alshazley stated," I called the institution and spoke with the supervisor (defendant Captain E. Swails) but, he did not give me permission to treat the inmate because, he said that he wasn't on shift when the inmate left the institution. So, he doesn't know why the plaintiff is here, nor does he know what the plaintiff needs."

11a) Defendant Sgt. Mason then stated,"We're leaving". Dr. Alshazley then pleaded with Sgt. Mason stating," well at least let me wrap his arm up because, I can't let him leave like that." Defendant Sgt. Mason responded,"go ahead."

12a) Dr. Moudar Alshazley and Nurse Michael Sweet, while standing in the hallway of the Emergancy Room, wrapped the plaintiff's broken forearm/wrist with an ace bandage over a strip of cotton. Dr. Alshazley informed the plaintiff that his arm is broken and needs to be treated. Nurse Michael Sweet then placed a sling around the plaintiff's neck and shoulder to prevent the injured arm from dangling loosely, which can cause further injury.

13a) The plaintiff was then discharged from Santa Rosa Medical Center's Emergancy Room, untreated. The plaintiff was shackled and handcuffed, to be taken back to the institution. Once inside the transporting vehicle, defendant Sgt. Mason stated to the plaintiff, "it's nothing personal

## Statement Of Facts cont.

to you but, I have family issues to attend to."

14) Upon arrival back to Santa Rosa Correctional Institution, the plaintiff was escorted back to the medical clinic of the institution by Officer B. Sefurley. Officer B. Sefurley removed the chains from around the plaintiff's waist but remained the handcuffs and shackles. Defendant Sgt. Mason departed from Officer B. Sefurley and, the plaintiff upon arrival to the institution. Officer Sefurley walked the plaintiff to the clinic. The plaintiff did not see defendant Sgt. Mason anymore.

15) Upon arrival to the medical clinic of the institution, Officer Sefurley unshackled the plaintiff but remained the handcuffs for security reasons. At that time, the plaintiff was in a whole lot of pain due to an untreated broken bone(s).

16) Officer B. Sefurley was relieved by another officer. The plaintiff observed that, due to a shift change, the same nurses that completed the incident report earlier was not there. The new nurse on shift, observed the plaintiff's arm in a sling and asked the plaintiff, "is it broken?" The plaintiff replied, "yes and, it's not been treated." The nurse replied, "theres nothing that I can do because, im not a doctor." The plaintiff was then escorted to the infirmary to be housed. The plaintiff's left forearm/wrist was broken and untreated. The plaintiff remained housed in the infirmary and, was in agonizing pain.

17) On October 31, 2011, the plaintiff was called down to the medical clinic of the institution. Upon arrival to the clinic, the plaintiff was seen by defendant nurse Brady. Defendant nurse L. Brady called Santa Rosa Medical Center to get results of the plaintiff's X-rays. After hanging up the phone, defendant nurse Brady, told the plaintiff that,

## Statement Of Facts cont.

he will need two rods in his arm because, his bone is broken in two places. The plaintiff informed defendant nurse Brady that, he was in alot of pain and needed immediate treatment. Defendant nurse L. Brady informed the plaintiff that, he will have to go to Lake Butler Receptional Medical Center for surgery. The nurse practitioner on that day of 10-31-11, was defendant nurse I. Nieves. Defendant nurse I. Nieves was acting as Nurse Practitioner and, obtained the plaintiff's discharge instruction papers from the SantaRosa Medical Center.

18) The plaintiff's discharge instructions that was issued by Dr. Moudar Alshazley of the SantaRosa Medical Center, instructed medical staff at the SantaRosa Correctional Institution to, have the plaintiff visit a private physician the following day of discharged from the hospital, for further diagnostic work-up, continuity of care. The discharge instructions also stated that, the plaintiff suffered from a radius fracture and, a forearm fracture. Defendant nurse practitioner I. Nieves and defendant nurse L. Brady ignored the instructions on the discharge form and, ordered the plaintiff to go back to the infirmary.

19) On November 1, 2011, the plaintiff was transported to Lake Butler Receptional Medical Center (prison with a hospital) for treatment. Upon arrival to Lake Butler R.M.C, the plaintiff was not housed in the infirmary as informed by medical staff at SantaRosa C.I. Transporting officers from SantaRosa C.I., informed the plaintiff that, his transporting documents stated that, the plaintiff will be housed in the infirmary for care, until his surgery. But instead, the plaintiff was housed in

## Statement Of Facts cont.

I-block dorm, which is not the infirmary but, a 23 hour lockdown dorm, with 2 inmates per room. The plaintiff was restricted from contact with medical staff and prison officials, while in I-block dorm. The plaintiff was in alot of pain from his untreated broken forearm/wrist.

20.) On November 8, 2011, the plaintiff was called to the Orthopedic Doctors Office to see, Dr. Carlos Esquivia-Munoz. Dr. Carlos Esquivia-Munoz unwrapped the ace bandage from the plaintiff's left arm and removed the cotton strip. Dr. Esquivia-Munoz informed the plaintiff that, "this operation is going to be difficult due to going ten days without treatment to this broken bones. The muscle tissues around the bone has started to heal therefore, muscle around the broken bone has hardened." Dr. Carlos Esquivia-Munoz then gave the plaintiff two anestesia shots in the broken bone area. Then, assisted by Nurse Ms. Morgan, Dr. Esquivia-Munoz proceeded to rebrake the plaintiff's left forearm/wrist in order to fix the injury. The plaintiff was not put to sleep and, the pain was unbearable.

21.) After Dr. Esquivia-Munoz and Nurse Ms. Morgan rebroke and set the plaintiff's arm, to keep the bone inplace, a hard fiberglass cast was then placed on the plaintiff's left arm, which is required after setting a broken bone.

22.) On January 17, 2011, the plaintiff's cast was removed by Dr. Esquivia-Munoz, at Lake Butler R.M.C. The plaintiff was then given an X-ray, which showed that there is a disfigurement to the plaintiff's healed injury. The plaintiff has now limited mobility to his left wrist, due to going ten days without treatment.

### Claim for Relief/Cause of Action #1

23.) The actions of Defendant Sgt. Charles Mason, by intentionally and deliberately refusing to let medical officials at SantaRosa Medical Center treat the plaintiff's injuries, after being informed by Doctor Moudar Alshazley that, the plaintiff's arm is broken and needs immediate operation, violated the plaintiff's rights of the 8th amendment to the U.S. Constitution, which constituted "Cruel and Unusual punishment under Deliberate Indifference Standards."

### Claim for Relief / Cause of Action #2

24.) The actions of Defendant Sgt. Charles Mason, by not allowing Dr. Moudar Alshazley to operate on the plaintiff's broken arm, when it was clearly visible that the plaintiff's injury was severe and, could result further injury if not treated, violated the plaintiff's rights of the 14th amendment to the U.S. Constitution, under the "Due Process Clause and, violated This States Tort Law of Negligence."

### Claim for Relief / Cause of Action #3

25.) The actions of Defendant Sgt. Charles Mason, by intentionally failed to exercise care, custody and, control concerning the plaintiff's health and safety, by willful/gross negligence of disregard for his causation of pain and suffering to the plaintiff's injuries and/or serious medical needs, is in violation of This States, Tort Statute(s) under the Law of "Reckless Disregard."

### Claim for Relief / Cause of Action #4

26) The actions of Defendant Captain E. Swails, by refusing to allow Medical Doctor Moudar Alshazley to operate on the plaintiff's arm, after the Doctor informed him that the plaintiff's injury required immediate medical attention, violated the plaintiff's rights of the 8th amendment to the U.S. Constitution, which constituted "Cruel and Unusual Punishment under the Deliberate Indifference Standard."

### Claim for Relief / Cause of Action #5

27) The actions of Defendant Captain E. Swails, by failing to exercise care, custody and, control concerning the plaintiff's health and safety, when he did not give Dr. Moudar Alshazley permission to treat the plaintiff's injury, after Dr. Moudar Alshazley informed him that his subordinate Sgt. Mason was not allowing the plaintiff to recieve treatment to his injury, was in violation of This States Tort Statuet(s) under the Law of "Reckless Disregard."

### Claim for Relief / Cause of Action #6

28) The actions of Defendant Captain E. Swails, by not allowing the plaintiff to recieve proper medical treatment, after being informed by Doctor Moudar Alshazley that the plaintiff is not going to recieve proper treatment without a supervisor's consent, constituted "Liability" due to the fact that, Defendant Cpt. E. Swails had knowledge of the plaintiff's condition and, situation and, defendant Capt. E. Swails had the authority to resolve the matter, which would have resulted in proper treatment and care to the plaintiff's severe injury. But instead,

defendant Capt. E. Swails did not give the Doctor permission to treat the plaintiff's injury, which violated the plaintiff's rights of the 14th amendment of the U.S. Constitution under the "Due Process Clause" and, violated "this States Tort Law" of "Negligence."

## Claim for Relief / Cause of Action #7

29.) The actions of Defendant Nurse L. Brady, by not notifying or, informing a high ranking offial that, the plaintiff sufferes from an untreated, two day old broken forearm/wrist, and, by sending the plaintiff back to the infirmary with a broken forearm/wrist, without treatment, breached her duty of care and, violated This states Tort Law of "Reckless Disregard."

## Claim for Relief / Cause of Action #8

30.) The actions of Defendant Nurse L. Brady by not complying with Medical Doctor Orders of the plaintiff's Hospital Discharge Instructions, which instructed for the plaintiff to be seen by a private physician for treatment and care, the following day of discharge from the Hospital, violated the plaintiff's rights of the 8th amendment to the U.S. Constitution under the "Deliberate Indifference Standard."

## Claim for Relief / Cause of Action #9

31.) The actions of Defendant Nurse I. Nieves, by not notifying a high ranking official that, the plaintiff was admitted to the SantaRosa Medical Center and, was discharged without treatment, and, by not ordering

immediate treatment to the plaintiff's untreated broken left forearm/wrist, after two days of injury going untreated was a breach of duty of care, and, was in violation of "This States Tort Law" of "Reckless Disregard."

### Claim for Relief/Cause of Action #10

32.) The actions of Defendant Nurse I. Nieves, by not complying with Medical Doctor Orders of the plaintiff's Hospital Discharge Instructions, which instructed for treatment and care, the following day of discharge from the Hospital, violated the plaintiff's rights of the 8th amendment to the U.S. Constitution under the "Deliberate Indifference Standard."

33.) The plaintiff has of now, no adequate, plain or complete remedy at law to redress the wrongs described within this complaint. The plaintiff has been and, will continue to be irreparably injured by the conduct of the defendant(s) unless this honorable court grants the relief that the plaintiff seeks.

## Relief Requested cont.

C) ~~[illegible, struck through]~~

D) Punitive Damages: in the amount of $15,000.00 from each defendant in their individual ~~[struck]~~ capacities, and or the maximum that this court or the law would allow.

E) A Jury Trial on all issues mentioned herein this complaint.

F) All plaintiff's costs in this suit, including attorney fees.

G) Any and all additional relief that this court deem just, proper and, fair.

Caleem LaRonde # H18323
Franklin Correctional Institution
1760 Highway 67
Carrabelle, Florida 32322-2157

Clerk's Office
U.S. District Court
1 North Palafox Street
Pensacola, Florida 32502

Hasler
01/02/2013
US POSTAGE