FRANKLIN C.I. ON

2-14-13SR

FOR MAILING ___C.L.___

INMATE INITIALS **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT, STATE OF FLORIDA**
**PENSACOLA DIVISION**

**AMENDED**
**CIVIL RIGHTS COMPLAINT FORM**
**TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. §1983**

**Caleem LaRonde,**
    **Plaintiff,**
**vs.**

                        **Case No.:  3:13cv 4/MCR/CJK**

**Sgt. CHARLES MASON,**
**Cpt. E. SWAILS,**
**NURSE I. NIEVES,**
**NURSE L. BRADY,**
    **Defendants.**
_____ /

## I. **PLAINTIFF:**

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

**Caleem LaRonde DC# H18323**
Franklin Correctional Institution
1760 Highway 67 North
Carrabelle, Florida 32322

## II. **DEFENDANT(S):**

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for **every** Defendant:

(1)     Charles Mason:
        Sergeant:
        Employed at:  Santa Rosa Correctional Institution
        5850 East Milton Road,
        Milton, Florida. 32583

(2)     E. SWAILS,
        Captain:
        Employed at:  Santa Rosa Correctional Institution
        5850 East Milton Road,
        Milton, Florida. 32583

(3)     I. Nieves
        NurseARNP
        Employed at:  Santa Rosa Correctional Institution
        5850 East Milton Road,
        Milton, Florida. 32583

(4)     L. Brady:
        Nurse RN
        Employed at:  Santa Rosa Correctional Institution
        5850 East Milton Road,
        Milton, Florida. 32583

III.     **EXHAUSTION OF ADMINISTRATIVE REMEDIES**
**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. §1997e(a). Plaintiff must submit copies of all grievances, appeals, and responses with this complaint to verify exhaustion. Failure to demonstrate exhaustion may be grounds for dismissal.**

IV.     **PREVIOUS LAWSUITS**
NOTE : FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THE CASE. IF YOU ARE UNSURE OF ANY CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL
A.      Have you initiated other actions in **state court** dealing with the same or similar

facts/issues involved in this action?

Yes [**X**]        No [  ]

1.     Parties to previous action:

(a) Plaintiffs(s): **Caleem LaRonde**

(b) Defendant(s): **Sgt. Charles Mason et.al.**

2.     Name of Judge: **Terry P. Lewis**        Case#: **2012-CA 002410**

3.     County and Judicial Circuit: **Leon County**

4.     Approximate filing date: **7-26-2012**

5.     If not still pending, date of dismissal: **Removed to Federal Court**

6.     Reason for dismissal : **Pending in Federal Court**

7.     Facts and claims of case: **8th and 14th  Amendment Claims against Defendants.**

3

B.    Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes [ **X** ]    No [   ]

1.    Parties to previous action:

    (a) Plaintiffs(s): **Caleem LaRonde**

    (b) Defendant(s): **Sgt. Meyers et.al**

**2.**    Name of Judge: **Thomas Morris**    Case#: **3:12 cv00879-TJC-TEM**

3.    County and Judicial Circuit: **Middle District, Jacksonville Division**

**4.**    Approximate filing date: **8-09-2012**

5.    If not still pending, date of dismissal: _____

**6.**    Reason for dismissal : **Voluntary Dismissed**

7.    Facts and claims of case: _____.


1    Parties to previous action:

    (a) Plaintiffs(s): **Caleem LaRonde**

    (b) Defendant(s): **Deputy Prsybysz, et.al**

2    Court: **US District Court Central District Tampa Division**

3    Docket Number: **8:12cv2059 T23MAP**

4    Judge: **Steven D. Merryday**

5    Facts and Basis of Suit: **Excessive force claims against officers**

6    Disposition: **Pending**

7    Approximate Filing Date: **9-14-2012.**

4

1    Parties to previous action:

   (c) Plaintiffs(s): **Caleem LaRonde**

2    Defendant(s): **Sgt. Mason**

3    Court: **US District Court Northern District Pensacola Division**

4    Docket Number: **3:12cv00369/RV/EMT**

5    Judge: **Elizabeth M. Timothy**

6    Facts and Basis of Suit: **8th and 14th Amendment claims/tort law claims.**

7    Disposition: **Voluntary Dismissal**

8    Approximate Filing Date: **10-17-2012.**

9    Approximate Disposition Date: **None.**


C.   Have you initiated other actions (besides those listed above in Questions A and B)
     in **either state or federal court** that relate to the fact or manner of your
     incarceration (including habeas corpus petitions) or the conditions of your
     confinement (including civil rights complaints about any aspect of prison life,
     whether it be general circumstances or a particular episode, and whether it
     involved excessive force or some other wrong?

     Yes [ **X** ]    No [  ]


     1.   Parties to previous action:

          (a)   Plaintiffs(s): **Caleem LaRonde**

          (b)   Defendant(s): **Hillsborough County Sheriff's**


5

2.     District and Judicial Division: **Thirteenth Judicial Circuit Hillsborough**

**County**

3.     Name of Judge: **Christopher Sabella**   Case#: _____

**4.**    Approximate filing date: **1-30-2012**

**5.**    If not still pending, date of dismissal: _____

6.     Reason for dismissal : _____

**7.**    Facts and claims of case: **U.S. Currency seized by Sheriff's by Sheriff's**

**using a fraudulent tactic to obtain a disclaimer signature from Plaintiff.**


A.     **DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN THE**
       **FLORIDA DEPARTMENT OF CORRECTIONS?**

       Yes [ **X** ]     No [   ]


D.     Have you ever had any action in **federal court** dismissed as frivolous, malicious,
       failing to state a claim, or prior to service?  If so, identify each and every case so
       dismissed:

       Yes [   ]     No [ **X** ]

1.     Parties to previous action:

       (a)     Plaintiffs(s): _____

       (b)     Defendant(s): _____

2.     District and Judicial Division: _____

6

3.      Name of Judge:_____Case#: _____

4.      Approximate filing date: _____ date of dismissal:_____

5.      Reason for dismissal :_____

6.      Facts and claims of case:_____

## STATEMENT OF FACTS:

1. On October 29, 2011(10-29-11) while exiting the shower area in K-dorm at Santa Rosa, CI, the plaintiff slipped and fell in a pool of water that was formed by a leaking pipe of the water fountain, causing the plaintiff to break his lower forearm/ wrist. The plaintiff was then helped and escorted to his cell by two inmates. The time was about 7:45pm.

2. After getting dressed, the plaintiff notified the dorm supervisor of his injury and, declared a medical emergency. The dorm supervisor observed the plaintiff's injury, then stated "it looks broken". The dorm supervisor immediately called for an officer to transport the plaintiff to the medical clinic of Santa Rosa, CI. Facility. An officer arrived, shackled the plaintiff but did not handcuff the plaintiff's arm due to the injury forearm/wrist. The officer walked the plaintiff to the medical clinic.

3. Upon arrival to the above mentioned clinic at Santa Rosa,CI., the plaintiff was examined by two medical nurses who questioned the plaintiff about his injuries and, completed the incident report, a nurse then informed the plaintiff that he will be going to Santa Rosa Medical Center(Hospital) for immediate treatment because, there is not a doctor working on Saturday night. Medical Staff then called for Security personnel to transport the plaintiff to the hospital.

4. At approximately ninety minutes later, transporting officers Defendant Sgt. Mason and Officer B. Sefurley arrived at the Medical Clinic to transport the Plaintiff to the Santa Rosa Medical Center(Hospital) for treatment.

5. Defendant Sgt. Mason and Officer B. Sefurley the then shackled and handcuffed the plaintiff's ankles and writs, with knowledge that the plaintiffs forearm/wrists was severely injured. The plaintiff pleaded with defendant Sgt. Mason to loosen or remove the left handcuff because, the too tight cuffs increased pain to the injury. Defendant Sgt. Mason responded to the plaintiff that, "the cuffs are supposed to be tight for security reasons".

6. The plaintiff was then walked to the transporting section of Santa Rosa, CI to the transporting car. Upon arrival to the transporting vehicle, the plaintiff was then chained around his waist, which connected to the handcuffs. The plaintiff was then loaded into the transporting car. Defendant Sgt. Mason drove, Officer B. Sefurley sat in the passenger while, the plaintiff sat in the backseat.

7. Upon arrival of the Santa Rosa Medical Center at about 10:00pm on October 29, 2011, the plaintiff, defendant Sgt. Mason and, Officer Sefurley waited in the emergency room to be examined by medical personnel. At about 11:00pm, the plaintiff's vitals were checked by an unknown medical nurse.

8. At about 12:00am on 10-30-11, the plaintiff was screened for an x-ray of his broken forearm/wrist, by medical nurse Michael Sweet, who is an employee at Santa Rosa Medical Center. Nurse Michael Sweet observed the plaintiff's injury and asked the plaintiff if he was in pain. Plaintiff replied yes, and was given pain pills from Nurse Michael Sweet. The plaintiff was in excruciating pain so, he took the ibuprofen.

9. After Nurse Michael Sweet completed the plaintiff x-ray, he took the x-ray results to a Doctor's room for examination. Nurse Michael Sweet then returned with Doctor Moudar Alshazley. Dr. Alshazley informed the plaintiff, defendant Sgt. Mason and Officer Sefurley that the plaintiffs left forearm/wrists is broken and will need immediate operation.

10. After receiving this information from Dr. Moudar Alshazley, defendant Sgt. Mason became very angry and, stated to the doctor, " Oh no he's not." I was only to bring the prisoner here for an X-ray , nobody said anything about treatment". As the plaintiff watched in pain and, disbelief, Dr. Moudar Alshazley stated to defendant Sgt. Mason, "it is against hospital policy to discharge a patient without treating a known and visible injury". Defendant Sgt. Mason became very hostile and argument stating", I was suppose to get off work at 11pm and, I am not going to be babysitting an inmate".

11. Dr. Moudar Alshazley then told defendant Sgt. Mason, "I'm going to call your supervisor to get permission to treat him". Dr. Alshazley then went into her office while the plaintiff, Nurse Michael Sweet, defendant Sgt. Mason and Officer Sefurley waited in the hallway of the Emergency Room.

12. After about ten minutes, Dr. Alshazley returned to the hallroom to speak with defendant Sgt. Mason Dr. Alshazley stated, "I called the institution and spoke with the supervisor(defendant Captain E.Swails) but, he did not give me permission to treat the inmate left the institution. So, he doesn't know why the plaintiff is here, nor does he know what the plaintiff needs".

13. Defendant Sgt. Mason then stated, "We're leaving". Dr. Alshazley then pleaded with Sgt
. Mason stating," well at least let me wrap his arm up because, I can't let him leave like
that". Defendant Sgt. Mason responded, "go ahead".

14. Dr. Moudar Alshazley and Nurse Michael Sweet, while standing in the hallway of the
Emergency Room, wrapped the plaintiffs broken forearm/wrist with an ace bandage over
a strip of cotton. Dr. Alshazley informed the plaintiff that his arm is broken and needs to
be teated. Nurse Michael Sweet then placed a sling around the plaintiff's neck and
shoulder to prevent the injured arm from dangling loosely, which can cause further
injury.

15. The plaintiff was then discharged from Santa Rosa Medical Center's Emergency Room,
untreated. The plaintiff was shackled and handcuffed, to be taken back to the institution.
Once inside the transporting vehicle, defendant Sgt. Mason stated to the plaintiff, " its
nothing personal to you but I have family issues to attend to".

16. Upon arrival back to Santa Rosa Correctional Institution, the plaintiff was escorted  back
to the Medical Clinic of the Institution by Officer B. Sefurley. Officer B. Sefurley
removed the chains from around the plaintiff's waist but remained the handcuffs and
shackles. Defendant Sgt. Mason departed from Officer B. Sefurley and, the plaintiff upon
arrival to the institution. Officer Sefurley walked the plaintiff to the clinic. The plaintiff
did not see defendant Sgt. Mason anymore.

17. Upon arrival to the Medical clinic of the Institution, Officer B. Sefurley unshackled the
plaintiff but remained the handcuffs for security reasons. At that time, the plaintiff was in
a whole lot of pain due to an untreated broken bones(s).

10

18. Officer B. Sefurley, was relieved by another officer. The plaintiff observed that, due to a shift change, the same nurses that completed the incident report earlier was not there. The new nurse on shift, observed the plaintiff's arm in a sling and asked the plaintiff, "is it broken?" The plaintiff replied, "yes and, its not been treated". The nurse replied, "there's nothing that I can do because, I'm not a doctor," The plaintiff was then escorted to the infirmary to be housed. The plaintiff's left forearm/wrist was broken and untreated. The plaintiff remained housed in the infirmary and, was in agonizing pain.

19. On October 31, 2011, the plaintiff was called down to the Medical clinic of the institution. Upon arrival to the clinic the plaintiff was seen by defendant Nurse Brady. Defendant Nurse L. Brady called Santa Rosa Medical Center to get results of the plaintiffs X-rays. After hanging up the phone, defendant Nurse Brady told the plaintiff that, he will need two rods in his arm because, his bone is broken in two places. The plaintiff informed defendant nurse Brady that he was in a lot of pain and needed immediate treatment. Defendant Nurse L. Brady informed the plaintiff that, he will have to go the Lake Butler Reception Medical  Center for Surgery. The Nurse Practitioner on that day of 10-31-11, was defendant Nurse I. Nieves. Defendant Nurse I. Nieves was acting as Nurse Practitioner and, obtained the plaintiffs discharge instruction papers from the Santa Rosa Medical Center.

20. The  plaintiff's discharge instructions that was issued by Dr. Moudar Alshazley of the Santa Rosa Medical Center, instructed to, have the plaintiff visit a private physician the following day of discharged from the hospital, for further diagnostic work-up, continuity of care. The discharge instructions also stated that, the plaintiff suffered from a radius fracture and, a forearm fracture. Defendant Nurse Practitioner I. Nieves and defendant

Nurse L. Brady ignored the instructions on the discharge form and, ordered the plaintiff to go back to the infirmary.

21. On November 1, 2011, the plaintiff was transported to Lake Butler Reception Medical Center(Prison with a hospital) for treatment. Upon arrival to Lake Butler R.M.C the plaintiff was not housed in the infirmary as informed by Medical Staff at Santa Rosa CI., informed the plaintiff that his transporting documents stated that, the plaintiff will be housed in the infirmary for care, until his surgery. But instead, the plaintiff was housed in I- Block Dorm, which is not the infirmary but, a 23 hour lockdown, with 2 inmates per room. The plaintiff was restricted from contact with medical staff and prison officials, while in I-Block dorm. The plaintiff was in a lot of pain from his unrelated broken forearm/wrist.

22. On November 8,2011, the plaintiff was called to the Orthopedic Doctors Office to see, Dr. Carlos Esquivia-Munoz unwrapped the ace bandage from the plaintiff's left arm and removed the cotton strip. Dr. Esquivia-Minoz informed the plaintiff that, "this operation is going to be difficult due to going ten days without treatment to this broken bones. The muscle tissues around the bone has started to heal therefore, muscle around the broken bone has hardened." Dr. Carlos Esquivia-Minoz then gave the plaintiff two anesthesia shots in the broken bone area, Then, assisted by Nurse Ms. Morgan, Dr. Esquivia-Minoz proceeded to rebreak the plaintiff's left forearm/wrist in order to fix the injury. The plaintiff was not put to sleep and, the pain was unbearable.

23. After Dr. Esquivia-Minoz and Nurse Ms. Morgan rebroke and set the plaintiffs arm, to the bone implace, a hard fiberglass cast was then placed on the plaintiff's left arm, which is required after setting a broken bone.

12

24. On January 17, 2011, the plaintiff's cast was removed by Dr. Esquivia- Minoz, at Lake Butler R,M,C.  The plaintiff was then taken given an X-ray, which showed that there is a disfigurement to the plaintiff's healed injury. The plaintiff has now limited mobility to his wrist, due to going ten days without treatment.

## STATEMENT OF CLAIMS

25. The actions of Defendant Sgt. Charles Mason, by intentionally and deliberately refusing to let Medical officials at Santa Rosa Medical Center treat the plaintiff injuries, after being informed by Doctor Moudar Alshazley that, the plaintiff's arm is broken and needs immediate operation, violated the plaintiff's rights of the 8th amendment to the U.S. Constitution, which constituted" Cruel and Unusual Punishment Under Deliberate Indifference Standards."

26. The actions of Defendant Sgt. Charles Mason, by not allowing Doctor Moudar Alshazley to operate on the plaintiff's broken arm, when it was clearly visible that the plaintiff's injury was severe and, could result further injury if no treated, violated the plaintiff's rights of the 14th amendment to the U.S. Constitution, under the "Due Process Clause and, violated this States Tort Law of Negligence."

27. The actions of Defendant Sgt. Charles Mason, by intentionally failed to exercise care, custody and, control concerning the plaintiffs health and safety, by willful/gross negligence of disregard for his causation of pain and suffering to the plaintiffs injuries and/or serious medical needs, is in violation of this States Tort Statutes under the Law of " Reckless Disregard".

28. The actions of Defendant Captain E. Swails, by refusing to allow Medical Doctor Moudar Alshazley to operated on the plaintiff's arm, after the Doctor informed him that the plaintiff's injury required immediate medical attention, violated the plaintiffs rights of the 8th amendment to the U. S. Constitution, which constituted " Cruel and Unusual Punishment Under the Deliberate Indifference Standard".

14

29. The actions of Defendant Captain E. Swails, by failing to exercise care, custody and, control concerning the plaintiff's health and safety, when he did not give Doctor Moudar Alshazley permission to treat the plaintiff's injury, after Dr. Moudar Alshazley informed him that his subordinate Sgt. Mason was not allowing the plaintiff to receive treatment to his injury, was in violation of this States Tort Statutes(s) Under the Law of "Reckless Disregard".

30. The Actions of Defendant Captain E. Swails, by not allowing the plaintiff to receive proper Medical treatment, after being informed by Dr. Moudar Alshazley that the plaintiff is not going to receive proper treatment without a Supervisor's consent, constituted "Liability" due to the fact that, Defendant Capt. E. Swails had knowledge of the plain condition and, situation and, defendant Capt. E. Swails had the authority to resolve the matter, which would have resulted in proper treatment and care to the plaintiff's severe injury. But instead, defendant Capt. E. Swails did not give the Doctor permission to treat the plaintiff's injury, which violated the plaintiff's rights of the 14th amendment of the US Constitution under the " Due Process Clause" and, violated "this States Tort Law of Negligence".

31. The actions of Defendants Nurse L. Brady, by not notifying or, informing a high ranking official that, the plaintiff suffers from an untreated, two day old broken forearm/wrist, and by sending the plaintiff back to the infirmary with a broken forearm/wrist, without treatment, breached her duty of care and, violated this states Tort Law of "Reckless Disregard".

32. The actions of Defendant Nurse L. Brady, by not complying with Medical Doctor Orders of the plaintiff's Hospital Discharge Instructions, which instructed for the plaintiff to be

15

seen by a private physician for treatment and care, the following day of discharge from the Hospital, violated the plaintiff's rights of the 8th amendment to the U.S. Constitution under the Deliberate Indifference Standard."

33. The actions of Defendant Nurse I. Nieves, by not notifying a high ranking official that, the plaintiff was admitted to the Santa Rosa Medical Center and, was discharge without treatment, and by not ordering immediate treatment to the plaintiff untreated broken left forearm/wrist, after two days of injury going untreated was a breach of duty of care and , was in violation of " This States Tort Law" of "Reckless Disregard".

34. The actions of Defendant Nurse I. Nieves, by not complying with Medical Doctor Orders of the plaintiff's Hospital Discharge Instructions, which instructed for treatment and care, the following day of discharge from the Hospital, violated the plaintiff's rights of the 8th amendment to the U.S. Constitution under the "Deliberate Indifference Standard".

35. The plaintiff has of now, no adequate, plain or complete remedy at law to redress the wrongs described within this complaint. The plaintiff has been and, will continue to be irreparably injured by the conduct of the defendant(s) unless this honorable court grants the relief that the plaintiff seeks.

## RELIEF REQUESTED

36. The plaintiff respectfully requests that, this honorable court enter declaratory judgment

granting plaintiff:

A) Declaratory Injunction that the Defendants agent or agency, immediately give the plaintiff

physical therapy and any other treatment required tot his left forearm/wrist.

B) Compensatory Damages; in the amount of 25,000.00 by each defendant in their

individual capacities.

C) Punitive Damages; in the amount of 25,000.00 by each defendant in their individual

capacities, and/or the maximum that this court or, the law would allow.

D) A jury Trial on all issues mentioned herein.

E) All plaintiff's cost in suit, including attorney fees.

F) Any and all additional relief that this court deem just, proper and, fair.

## DECLARATION

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENT OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

Signed this: ___2-\-1)___
                  (Date)

_____
(Signature of Plaintiff)

## IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): [  ] delivered to prison officials for mailing or [  ] deposited in the prison's internal mail system on the ___1st___ day of ___January___, 2013.

/s/_____
(Signature of Plaintiff)

17

Caleem LaRonde #H18323
Franklin Correctional Institution
1760 Hwy 67 North
Carrabelle, Florida 32322

INDIGENT LEGAL MAIL

INDIGENT LEGAL MAIL

INDIGENT LEGAL MAIL

Office Of The Clerk
1. North Palafox Street
Pensacola, Florida 32502





**PRIORITY®**
**MAIL**
UNITED STATES POSTAL SERVICE

Visit us at usps.com

Label 107R, January 2008

PRIORITY MAIL
Com8ePrice
Hasler
02/14/2013
**US POSTAGE**
**$05.44°**
ZIP 32322
011D11634887