UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CALEEM LARONDE,

     Plaintiff,

v.                                           Case No.: 3:13cv4/MCR/CJK

CHARLES MASON, et al.,

     Defendants.
_____/

## MOTION TO DISMISS BY DEFENDANTS
## MASON, SWAILS, AND NIEVES

     Defendants Mason, Swails, and Nieves (hereinafter "Defendants"), through undersigned counsel, and pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(b), Federal Rules of Civil Procedure ("FRCP"), hereby move for dismissal for the following reasons:

I.)     Plaintiff's abuse of judicial process by filing a duplicative action and by failing to completely disclose his federal history;

II.)     Plaintiff fails to state a cause of action for injunctive relief against the Defendants;

III.)     The Defendants are entitled to Eleventh Amendment and Sovereign immunity;

IV.)     Plaintiff fails to state a claim under the Due Process Clause; and

V.)     Plaintiff's state claims are barred by the statute of limitations and/or the Defendants' immunity under section 768.28, Florida Statutes ("F.S.").

## Preliminary Statement

1.    At the times alleged in the Second Amended Complaint (Doc. 48), Plaintiff Caleem LaRonde ("LaRonde" or "Plaintiff") was and is a state prisoner in the custody of the Florida Department of Corrections ("Department" or "FDOC").[1]

2.    LaRonde sues Sergeant Mason and Captain Swails as employees of the FDOC for events that allegedly occurred at Santa Rosa Correctional Institution ("CI") and Santa Rosa Memorial Hospital on or about October 29-30, 2011. (Doc. 48 at 1-2, 6-10.) LaRonde sues Nurse Nieves as an employee of the FDOC for alleged acts and omissions which occurred on or about October 31, 2011 at Santa Rosa CI. (Id. at 10-11.)

3.    LaRonde brings this action pursuant to 42 U.S.C. § 1983, alleging his constitutional rights under the Eighth Amendment (deliberate indifference) and Fourteenth Amendment (due process) were violated, and that the State's Tort law was violated. (Id. at 13-15.) As relief, LaRonde seeks injunctive relief, and compensatory and punitive damages. (Id. at 16.)

## Course of Proceedings

4.    On December 31, 2012, while incarcerated at Franklin CI, LaRonde mailed/filed the Complaint in this action to the United States District Court for the Northern District of Florida, Pensacola Division. (Doc. 1 at 1, 15 (docketed Jan. 3, 2013).)[2]

_____

[1]   The Plaintiff is at Franklin Correctional Institution. See FDOC's Offender Information Search page, http://www.dc.state.fl.us/AppCommon/ (last visited Oct. 25 2013) (Caleem LaRonde, FDOC# H18323).

[2]   The Complaint does not contain a certificate of service, but does contain a provided for mailing stamp on "12-31-12," which is initialed by LaRonde ("CL"). (See Doc. 1.)

5.      On January 16, 2013, the Court ordered Plaintiff to re-submit his Complaint using the inmate complaint form pursuant to Northern District Local Rule 5.1(J). (Doc. 3.)

6.      On February 14, 2013, Plaintiff mailed/filed his Amended Complaint from Frankin CI.  (Doc. 5 at 1-2, 18 (docketed Feb. 19, 2013).)

7.      Defendants Mason, Swails, and Nieves were served on the following respective days:  June 12, 2013, July 30, 2013, and August 1, 2013.  (Docs. 22, 32, 33.)

8.      On September 5, 2013, LaRonde sought leave to file a Second Amended Complaint and simultaneously mailed/filed the proposed Second Amended Complaint from Franklin CI. (Docs. 42-43.)  On September 20, 2013, the Defendants responded that they did not oppose the amendment.  (Doc. 44.)

9.      On September 25, 2013, the Court granted Plaintiff's motion for leave to amend, docketed the Second Amended Complaint, and provided the Defendants with thirty (30) days from the date of the order in which to respond.  (Docs. 47-48.)

## Plaintiff's Factual Allegations

LaRonde _alleges_ the following in the Second Amended Complaint (Doc. 48) against defendants Mason, Swails, and Nieves:

10.      On October 29, 2011, LaRonde slipped and fell in a pool of water at Santa Rosa CI, resulting in a broken lower forearm/wrist.  (Id. at 6.)  Thereafter, medical staff nurses at the medical clinic examined LaRonde and informed him that he would be immediately transported to Santa Rosa Memorial Hospital for treatment.  (Id. at 7.)

11.      Sergeant Mason ("Mason") and Officer Sefurley transported LaRonde to Santa Rosa Memorial Hospital where he was examined by a nurse at 11:00 p.m.  (Id. at 7-8.)

12.     Once at the hospital, an x-ray was performed, followed by an examination by Dr. Alshazley.  (Doc. 48 at 8.)  After the examination, Dr. Alshazley stated that LaRonde's left forwarm/wrist was broken and will need immediate operation.  (Id.)  However, in response, Mason told the doctor that LaRonde was only transported to the hospital for an x-ray, not treatment.  (Id.)

13.     Dr. Alshazley stated that he would contact Mason's supervisor, and then went into his office alone.  (Id.)  He returned and stated,

> I called the institution and spoke with the supervisor . . . but, he did not give me permission to treat the inmate left the institution.  So, he doesn't know why the plaintiff is here, nor does he know what the plaintiff needs.

(Id. at 9)  LaRonde alleges that the supervisor that Dr. Alshazley spoke to was Captain Swails ("Swails").  (Id.)

14.     Dr. Alshazley and a nurse then wrapped LaRonde's wrist with an ace bandage and a sling around his neck.  (Id.)  LaRonde was then discharged from the hospital.  (Id.)

15.     Mason and Officer Sefurley transported LaRonde back to Santa Rosa CI.  (Id.)  LaRonde was then escorted to the infirmary where he stayed overnight.  (Id. at 9-10.)

16.     On October 31, 2011, Nurse Nieves ("Nieves") obtained a copy of LaRonde's discharge instructions from Santa Rosa Memorial Hospital, which instructed that Laronde was to visit a physician at Santa Rosa Memorial Hospital the following day of discharge.  (Id. at 10-11.)  Nieves ignored the instructions.  (Id. at 11.)

17.     On November 1, 2011, LaRonde was transported to the Reception and Medical Center ("RMC") where his forearm/wrist was treated on November 8, 2011.  (Id. at 11-12.)

**Plaintiff's Allegations Regarding his State and Federal Case History**

18.     On the Second Amended Complaint form, Plaintiff was provided the following warning:  "Failure to disclose **all** prior civil cases may result in the dismissal of the case.  If you are unsure of any cases you have filed, that fact must be disclosed as well." (Doc. 48 at 3 (emphasis retained except all caps.)  Then, four questions were posed to LaRonde with instruction for him to list all of the cases that were responsive to the questions. (Id. at 3-6.)

19.     First, LaRonde was asked, "Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?"  (Id. at 3 (emphasis retained).)  In response, LaRonde marked, "Yes," indicating that it was a Leon County case, styled Caleem LaRonde v. Sgt. Charles Mason, et al., no. 2012-CA 002410, it was removed to federal court, and was still pending.  (Id.)

20.     Second, LaRonde was asked, "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?"  (Id. at 4 (emphasis retained).)  In response, LaRonde marked, "Yes," listing Middle District of Florida no. "3:12 cv00879-TJC-TEM."  (Id.)

21.     Third, LaRonde was asked, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petition) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong?"  (Id. at 4-5 (emphasis retained).)  In response, LaRonde marked, "Yes," listing only one case.  (Id.)

LaRonde described the case style as <u>LaRonde v. Hillsborough County Sheriff's</u> and that it was filed about January 30, 2012, in the "Thirteenth Judicial Circuit Hillsborough County." (Doc. 48 at 5.)

22.     Fourth, LaRonde was asked, "Have you ever had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?" (<u>Id.</u> at 5-6 (emphasis retained).)  In response, LaRonde marked, "No." (<u>Id.</u>)

23.     At the end of the Second Amended Complaint, on August 30, 2013, LaRonde signed and dated the following declaration: "**I declare under penalty of perjury that the foregoing statement of fact, including all continuation pages, are true and correct**." (<u>Id.</u> at 16 (emphasis retained except all caps).)

**<u>Plaintiff's Additional (Undisclosed) Federal Cases</u>**

24.     LaRonde initiated <u>La Ronde v. Hillsborough County Sheriff's Office, et al.</u>, Middle District of Florida no. 8:12-cv-02059, in September 2012, and <u>LaRonde v. Mason</u>, Northern District of Florida no. 3:12-cv-00369, in July 2012, which was dismissed based on his notice of voluntary dismissal on November 20, 2012.[3]

25.     The Leon County case, <u>LaRonde v. Mason</u>, was removed to the Northern

---

[3]   The Defendants request the Court to take judicial notice of Plaintiff's FDOC information, and his federal case history. Rule 201(b), Fed. R. Evid.; <u>see</u> <u>Juniper Networks, Inc. v. Shipley</u>, 394 F. App'x 713 (9th Cir. 2010) (unreported op.) (stating that a court can take judicial notice of factual information found on Internet websites") (citing <u>O'Toole v. Northrop Grumman Corp.</u>, 499 F.3d 1218 (10th Cir. 2007)); <u>see, e.g.</u>, <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1049 n.3 (11th Cir. 2001) (judicial notice of information found on "www.mapquest.com"); <u>see also, e.g.</u>, <u>Horne v. Potter</u>, 392 F. App'x 800, 802 (11th Cir. 2010) (unreported op.) (judicial notice of the filings from another case); <u>Bryant v. Avado Brands, Inc.</u>, 187 F.3d 1271, 1280 (11th Cir. 1999) (judicial notice of publicly filed documents).

District of Florida, Tallahassee Division, case no. 4:12-cv-00546, and was transferred to the

Northern District of Florida, Pensacola Division, case no. 3:12-cv-00516.  The case involved

the following allegations: (1) on October 28, 2011, he slipped and fell on water at Santa Rosa

CI, resulting in a broken wrist; (2) there was a delay in being transported to an outside

hospital; (3) he was taken from the outside hospital by the defendant back to the institution

without treatment of the hand; and (4) he did not received treatment until he was transported

to RMC on November 1, 2011.  LaRonde v. Mason, no. 3:12-cv-00516, doc. 5-1 at 5-14.

26.     On November 8, 2012, the defendant moved to dismiss based on LaRonde's

failure to exhaust before he filed the action.  Id., doc. 14.

27.     On December 31, 2012,[4] LaRonde mailed/filed a notice of address change,

and a motion for extension of time to respond to the motion to dismiss.  Id., docs. 27-28.  On

January 3, 2013, LaRonde mailed/filed a motion for appointment of counsel.  Id., doc. 29.

28.     On January 10, 2013, LaRonde mailed/filed a response to the motion to

dismiss.  Id., doc. 32.

29.     On January 17, 2013, LaRonde mailed/filed a motion to amend the complaint,

and a proposed amended complaint.  Id., doc. 33-34.

30.     On February 1, 2013, Magistrate Judge Elizabeth M. Timothy issued a report

and recommendation ("R&R"), recommending that the case should be dismissed for failure

to  state  a  claim  under  28  U.S.C.  §  1915(e)(2)(B)(ii)  due  to  failure  to  exhaust  his

---

[4]  While LaRonde alleges in certificates of service that he mailed the documents on
Christmas, December 25, 2012, the documents contain a providing for mailing stamp, which
is initialed by LaRonde ("CL"), that indicates a mailing date of "12-31-12."  See LaRonde
v. Mason, no. 3:12-cv-00516, docs. 27-28.

administrative remedies pursuant to 42 U.S.C. § 1997e(a).  LaRonde v. Mason, no. 3:12-cv-00516, doc. 36.

31.     On March 11, 2013, the Court adopted the R&R, dismissing the action without prejudice for failure to state claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Id., doc. 37.

## MEMORANDUM OF LAW AND ARGUMENT

### I.     Plaintiff's Abuse of Judicial Process.

Defendants move for dismissal based on Plaintiff's malicious abuse of judicial process.  First, Plaintiff filed a duplicative action of another pending action, which is considered malicious.  Second, Plaintiff, upon inquiry, failed to fully disclose his federal case history, which is also considered malicious.  As such, Plaintiff's action should be dismissed as malicious.

### A.     *Plaintiff Filed a Duplicative Action:*

An action is considered duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988).  Such a case filed by a plaintiff proceeding *in forma pauperis* ("IFP") may be dismissed.  Id.  Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious.  Verner-Buchowski v. Beary, No. 6:09-cv-1966-Orl-31GJK, 2009 WL 4730544, at *1 (M.D.Fla. Dec. 7, 2009) (unpublished op.); Bartlett v. Apalachee Center, Inc., No. 4:08cv47-RH/WCS, 2008 WL 4925646, at *2 n.2 (N.D.Fla. Nov. 14, 2008) (unpublished op.); see Williams v. Williams, No. 2:10-cv-383-FtM-29SPC, 2010 WL 5463081, at *1 (M.D.Fla. Dec. 29, 2010)

(unpublished op.) (repeatedly filing duplicate claims made in previous lawsuits is malicious and an abuse of judicial process) (citing Hardwick v. Branson, 523 F.2d 798, 800 (5th Cir. 1975).[5]  "A complaint that merely repeats pending or previously litigated claims may be considered abusive, and a court may look to its own records to determine whether a pleading repeats prior claims." Albers v. Futch, No. 6:13-cv-501-Orl-28TBS, 2013 WL 1899787, at *2 (M.D.Fla. Apr. 9, 2013) (R&R) (quoting Crisalfi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981)), 2013 WL 1899785 (M.D.Fla. May 7, 2013) (unpublished order adopting R&R).

Here, on the same day Plaintiff initiated this action (December 31, 2012), he mailed documents to another action, case no. 3:12-cv-00516, that pertains to the same claims.  Both cases are virtually identical, alleging the same series of events and involving claims of medical deliberate indifference against the same defendant (Mason).  Specifically, he alleges a slip and fall injury that occurred at the end of October 2011, resulting in a broken wrist, and that there was a delay in treatment of the wrist.  On the day he initiated this case (December 31, 2012), he mailed two documents for the other case (no. 3:12-cv-00516), and then he still actively litigated the other case, filing a response to a motion, his own motions, and a proposed amended complaint.  Filing a second case that is duplicative of a pending case is considered abusive, malicious, and is subject to dismissal under 28 U.S.C. § 1915.

---

[5]  In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September  30, 1981.

**B.**     ***Plaintiff's Failure to Fully Disclose His Federal Case History:***

While Plaintiff declared under the penalties of perjury that the Second Amended Complaint was true and correct as written, he nevertheless failed to disclose two prior federal cases and failed to disclose a failure to state a claim dismissal.  (Doc. 48.)  Specifically, the Plaintiff failed to disclose the following federal cases: 8:12-cv-02059 (M.D.Fla.) and 3:12-cv-00369 (N.D.Fla.).  He also failed to disclose the following dismissal for failure to state a claim upon which relief may be granted: on March 11, 2013, case no. 3:12-cv-00516 (N.D.Fla.) was dismissed without prejudice.  The order specifically stated as follows:

> This cause of action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

The dismissal clearly stated to Plaintiff that it was for "failure to state a claim." Nevertheless, on September 5, 2013, Plaintiff mailed to the Court the Second Amended Complaint where he responded "No" to the question of whether he "ever had any action in federal court dismissed as . . . failing to state a claim."

Plaintiff's failure to disclose his prior federal filings is considered an abuse of the judicial process.  Hood v. Tompkins, 197 F. App'x. 818, 819 (11th Cir. 2006) (unreported opinion).  In addition to the Eleventh Circuit, which upheld dismissal for the type of conduct exhibited by Plaintiff in this case, Hood, 197 F. App'x at 819, federal district courts throughout the state, including this division have dismissed prisoner litigants for failing to disclose.[6]  As stated by United State Magistrate Judge Miles Davis in Paulcin v. McNeil, No.

---

[6]   Sills v. Marion County Jail, No. 5:10-cv-204-Oc-29GRJ, 2010 WL 2367237 (M.D.Fla. June 13, 2010) (unpublished op.); Jones v. Florida, No. 3:09cv269-MCR-EMT, 2009 WL 3177576 (N.D.Fla. Sept. 28, 2009) (unpublished op.); Hinson v. Escambia County

3:09cv151/LAC/MD, 2009 WL 2432684, at *3 (N.D.Fla. Aug. 9, 2009) (unpublished op.)

(emphasis added),

> The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court.  *If the court cannot rely on the statements or responses made by the parties, **it threatens the quality of justice**.  The court will **not tolerate false responses** or statements in any pleading or motion filed before it.*  Here, plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew, from reading the complaint form, that disclosure of all prior actions was required and that dismissal of this action may result from his untruthful answers.  If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Therefore, this court should not allow plaintiff's false responses to go unpunished.   The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true and complete responses is to dismiss this cause without prejudice.  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  See, e.g., United States v. Roberts, 308 F.3d 1147 (11th Cir.2002) (inmate convicted of perjury for false statement made on pleading filed in federal court).

See Sills, 2010 WL 2367237, at *3 (finding that "the plaintiff's failure to provide truthful

responses on the complaint is an abuse of judicial process" and then dismissing the

complaint).

The purpose of the prior actions questions posed on the civil rights complaint form,

as noted by Judge Antoon in Williams v. Wiggins, No. 6:09-cv-943-Orl-28DAB, 2010 WL

4983665, at *2 (M.D.Fla. Dec. 2, 2010) (unpublished op.), is that,

> The information also helps the court to consider whether the action is related

---

Sheriff's Dep't, No. 3:09cv112/MCR/EMT, 2009 WL 1606517 (N.D.Fla. May 6, 2009) (unpublished op.); Anderson v. Akhtar, No. 3:08-cv-994-J-12MCR, 2008 WL 4773187 (M.D.Fla. Oct. 29, 2008) (unpublished op.); Rolle v. Crosby, No. 3:05-cv-1161-J-21HTS, 2005 WL 3087863 (M.D.Fla. Nov. 16, 2005)  (unpublished op.).

to or should be considered in connection with another action, or whether a holding in another action affects the current action. *Further, since prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action.*

(Emphasis retained) (quoting Johnson v. Crawson, No. 5:08cv300/RS/EMT, 2010 WL 1380247, at *2 (N.D.Fla. Mar. 3, 2010) (R&R), 2010 WL 1380228 (N.D.Fla. Mar. 31, 2010) (unpublished order adopting R&R)). Even if the plaintiff *may not have intended to deceive*, because the court relies on the statements and responses submitted, such dishonesty concerning filing history threatens the quality of justice. See Brown v. Overstreet, No. CV 107-113, 2008 WL 282689, at *1 (S.D.Ga. Jan. 30, 2008) (unpublished op.).

Equally important is that because prisoner litigation has become a sort of recreational activity for those who have little to lose and everything to gain,[7] *pro se* inmate litigants must be held accountable for their actions if they choose to initiate federal civil rights litigation. As noted by Magistrate Judge Elizabeth Timothy,

> If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. *Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner,* the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

Johnson v. Crawson, 2010 WL 1380247, at *2 (emphasis added).

Here, Plaintiff failed to fully disclose his case history in the Second Amended Complaint, omitting the existence of two federal cases and the existence of a dismissal for

---

[7]   See Harris v. Garner, 216 F.3d 970, 991 (11th Cir. 2000) (citing to the Congressional Record and statements by Senators Dole and Kyle).

failure to state a claim.   In <u>Jackson v. Florida Department of Corrections</u>, the Eleventh Circuit Court of Appeal affirmed the dismissal without prejudice of a prisoner plaintiff's complaint in a situation similar to the Plaintiff in this action.  491 F. App'x 129 (11th Cir. 2012) (unreported op.).  In that action, Jackson filed a complaint where he did not disclose the existence of one dismissed case that was responsive to the section inquiring into whether he had a case dismissed for failure to state a claim.  <u>Jackson</u>, 491 F. App'x at 131 n.1.  As a sanction for the lack of candor, the district court dismissed Jackson's action as malicious for his abuse of judicial process.  <u>Id.</u> at 131.  Ultimately, the Eleventh Circuit found that it was not an abuse of discretion to dismiss the action without prejudice as a sanction for Jackson's omissions.  <u>Id.</u> at 132.

### C.   *Conclusion:*

Plaintiff's behavior is considered malicious and an abuse of judicial process.  He filed a duplicative case.  Then, he filed a complaint where he declared under penalty of perjury that his facts were true and correct, but simultaneously omitted specific information about his federal case history.  Federal Rule of Civil Procedure 11(b) requires candor and honesty in submission to the courts.  Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal under these circumstances.  <u>See</u> <u>Rivera v. Allin</u>, 144 F.3d 719, 731-32 (11th Cir. 1998) (abrogated on other grounds by <u>Jones v. Bock</u>, 549 U.S. 199, 214-216, 127 S. Ct. 910 (2007)); <u>see also</u> 28 U.S.C. §1915(e)(2)(B)(i).

### II.   **Plaintiff Fail to State a Claim for Injunctive Relief.**

Plaintiff seeks injunctive relief from Defendants in the form of physical therapy and any other treatment required for his left forearm/wrist. (Doc. 48 at 16.)  However, injunctive

relief requires a showing that irreparable injury will occur unless the injunction is issued. Shatel Corp. v. Mao Ta Lumbar & yacht Corp., 697 F.2d 1352, 1254-55 (11th Cir. 1983).

The injury must not be remote or speculative, but actual and imminent. Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir.1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir.1989)). The court must be able to grant meaningful relief before issuing an injunction. Rhodes v. Stewart, 488 U.S. 1, 3-4, 109 S. Ct. 202 (1988) (the court can only enter relief that is meaningful "if it affects the behavior of the defendant toward the plaintiff) (quoting Hewitt v. Helms, 482 U.S. 755, 761, 107 S. Ct. 2672 (1987)); Harris v. Evans, 20 F.3d 1118, 1121 (11th Cir. 1994) (for standing to seek judicial relief in federal court there must be a case or controversy, whereas a plaintiff must be able to show that the alleged injury "is likely to be redressed by a favorable ruling"). To establish standing for the injunctive relief, a plaintiff must establish a causal connection between an established injury-in-fact and the challenged action of the defendant, and must show that it is *likely, rather than speculative*, that a favorable decision will redress the injury. Williams v. Bd. of Regents of the Univ. Sys. of Ga., 477 F.3d 1282, 1302 (11th Cir. 2007).

"The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief." Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007) (abrogated on other grounds by Sossoman v. Texas, __ U.S. __, 131 S. Ct. 1651, 1657 (2011)) (citing McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir. 1984), and Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986)); Hall v. Plumber Official, No. 10-20814-Civ-Moreno, 2011 WL 1979721, at *14 (S.D.Fla.

14

Apr. 26, 2011) (R&R), 2011 WL 1979714 (S.D.Fla. May 20, 2011) (unpublished order

adopting R&R), <u>affirmed</u>, 446 F. App'x 184 (11th Cir. 2011) (unreported op.)); <u>Corouthers</u>

<u>v. Flowers</u>, No. 5:09-cv-00036-RS-GRJ, 2011 WL 1321833, at * 2 n.3 (N.D.Fla. Mar. 16,

2011) (R&R).  "The reason for this rule is that injunctive relief is 'a prospective remedy,

intended to prevent future injuries.'" <u>Smith</u>, 502 F.3d at 1267 (citation omitted).  If there is

no imminent case or controversy, the claim is moot, and the court lacks jurisdiction of the

claim. <u>Smith</u>, 502 F.3d at 1266-67; <u>Mingkid v. U.S. Attorney Gen.</u>, 468 F.3d 763, 768 (11th

Cir. 2006) (citation omitted).

        Here, Plaintiff, who is incarcerated at Franklin CI, is requesting injunctive relief from

defendants at Santa Rosa CI.  (Doc. 48 at 2, 16.)  Further, he seeks relief from security staff

(a sergeant and a captain) and from nursing staff.  (<u>Id.</u>)  However, the Defendants are not in

a position to provide the relief sought by Plaintiff, which is an order for physical therapy or

other required treatment.  Plaintiff cannot show that the injunction sought *will likely* be able

to address the relief he seeks, and cannot establish that the relief can be effectuated by an

order directed towards any of the defendant's actual and imminent (future) actions.  As such,

Plaintiff's request for injunctive relief is subject to dismissal.

**III.    <u>The Defendants are entitled to Eleventh Amendment and Sovereign immunity</u>.**

        The Plaintiff does not explicitly specify whether he sues the Defendants in their

official capacities.  However, to the extent he does, the Defendants invoke Eleventh

Amendment and Sovereign immunity from the Plaintiff's request for monetary relief.

        A suit against a state employee in an official capacity is a suit against the State for

Eleventh Amendment purposes.  <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 109

S.Ct. 2304, 105 L. Ed. 2d 45 (1989).  In the absence of any waiver or express congressional

authorization, which are not present in this case, the Eleventh Amendment prohibits a suit

against a state in federal court.  <u>Kentucky v. Graham</u>, 473 U.S. 159, 167 n. 14, 105 S. Ct.

3099, 87 L. Ed. 2d 114 (1985)  Congress did not intend to abrogate a state's Eleventh

Amendment immunity in § 1983 damage suits.  <u>Cross v. State of Ala., State Dep't of Mental</u>

<u>Health & Mental Retardation</u>, 49 F.3d 1490 (11th Cir. 1995).  Florida has not waived its

sovereign immunity or consented to be sued in damage suits brought pursuant to § 1983. <u>See</u>

<u>Gamble v. Florida Dep't of Health & Rehabilitative Servs.</u>, 779 F.2d 1509, 1513 (11th Cir.

1986).  Also, the State of Florida has not waived sovereign immunity for constitutional torts

(state or federal) and, therefore, cannot be sued for monetary damages.  <u>See</u> <u>Garcia v. Reyes</u>,

697 So. 2d 549, 550 (Fla. 4th Dist. Ct. App. 1997) (citing <u>Hill v. Dept. of Corr.</u>, 513 So. 2d

129, 133 (Fla. 1987)).  Florida has not waived its Eleventh Amendment immunity from suit

in federal court.  § 768.28(18), Fla. Stat.   Thus, to the extent Plaintiff seeks damages from

the Defendants in their official capacities, such claims should be dismissed.

**IV.**    **<u>Plaintiff's Due Process Claims are Subject to Dismissal.</u>**

In this § 1983 action, Plaintiff, a prisoner, alleges Eighth Amendment medical

deliberate indifference claims and Fourteenth Amendment due process claims.  (Doc. 48 at

13-15.)  However, the essence of Plaintiff's claims pertain to denial and/or delay of medical

treatment.  (<u>See</u> <u>id.</u> at 6-12.)  Plaintiff's § 1983 claims are consequently based on the Eighth

Amendment's protection against cruel and unusual punishment.  <u>Estelle v. Gamble</u>, 429 U.S.

97, 104, 97 S. Ct. 258, 291 (1976).  Because Plaintiff's constitutional claim is covered by a

specific constitutional provision, the claim must be analyzed under that provision, not as a

substantive due process claim.  County of Sacramento v. Lewis, 523 U.S. 833, 842-43 118 S. Ct. 1708, 1714-15 (1998).  As such, Plaintiff fails to state a claim under the Due Process Clause.

## V. Plaintiff's State Law Claims are Subject to Dismissal.

In this action, Plaintiff attaches State Tort claims for negligence against the Defendants.  (Doc. 48 at 13-15.)  Specifically, he alleges the following against each defendant: (i) intentional and willful/gross negligence against Mason; (ii) not allowing or providing the Plaintiff to receive treatment against Swails; and (iii) failing to notify a high ranking official, not ordering immediate treatment, and not complying with instructions and orders from Santa Rosa Memorial Hospital against Nieves.  (Id.)  However, the Court should not exercise supplemental jurisdiction over the state law claims, but instead should dismiss these claims.

## A. *Dismissal of all intentional state law claims*:

Plaintiff alleges intentional claims against Mason, and indirectly alleges intentional claims against Swails and Nieves.  (See Doc. 48 at 7-11.)  Intentional state law tort claims brought by a prisoner regarding his or her conditions of confinement against a defendant sued in an individual capacity must be brought within one year of accrual.  Nicarry v. Eslinger, 990 So. 2d 661 (Fla. 5th Dist .Ct. App. 2008) (citing § 95.11(5)(g), F.S.);[8] see Rogers v. Judd, 389 F. App'x 983, 988-89 (11th Cir. 2010) (unreported op.) (holding that Nicarry's one

---

[8]  When applying state law, intermediate state appellate court opinions are binding, "unless there is persuasive evidence that the highest state court would rule otherwise."  Bravo v. United States, 577 F.3d 1324, 1326 (11th Cir. 2009) (per curiam) (quoting King v. Order of United Commercial Travelers of Am., 333 U.S. 153, 158, 68 S. Ct. 488 (1948)).

year statute of limitation applies to state law assault and battery claims filed in federal court); see also Calhoun v. Nienhuis, 110 So. 3d 24 (Fla. 5th Dist. Ct. App. 2013) (statute of limitations for negligence claims against a government entity). "A cause of action accrues when the last element constituting the cause of action occurs." § 95.031(1), Fla. Stat. (2013); see, e.g., Lewis v. Asplundh Tree Expert Co., 305 F. App'x 623, 626-27 (11th Cir. 2008) (unreported op.) (accrual of state law claim began on the day of the incident of the alleged assault and battery). In other words, accrual begins when the plaintiff knew or through due diligence should have known that there was an invasion of his or her rights. Butler Univ. v. Bahssin, 892 So. 2d 1087 (Fla. 2d Dist. Ct. App. 2004). Further, Florida law specifically outlines the reasons that toll a statute of limitations in section 95.051, F.S., and exhaustion of administrative remedies is not one of the reasons specified by statute. Rowland v. Conyers, No. 4:10cv64-RH/GRJ, 2013 WL 704860, at *3 (N.D.Fla. Feb. 26, 2013) (unpublished op.); see Ross v. Jim Adams Ford, Inc., 871 So. 2d 312, 315-16 (Fla. 2d Dict. Ct. App. 2004) (holding that statute of limitations is not tolled while the plaintiff pursued his administrative complaint and citing Farancz v. St. Mary's Hosp., Inc., 585 So. 2d 1151 (Fla. 4th Dist. Ct. App. 1991)).

Here, Plaintiff's claims began to accrue at the end of October 2011 for each of the Defendants, which is when Plaintiff knew or should have known there was an alleged invasion of his rights. Specifically, the accrual of the claims began against Mason and Swails on October 29, 2011, and against Nieves no later than October 31, 2011. However, Plaintiff did not mail his complaint and file this action until December 31, 2012, which is two months beyond the expiration of the statute of limitations.

**B.** _**Dismissal of all negligence state law claims**_:

To the extent Plaintiff alleges that the Defendants were negligent regarding the treatment of his forearm/wrist,[9] such negligence claims are improperly filed against the Defendants in this action, and must be dismissed.  Here, the Defendants as employees of the state are immune in their individual capacities for tortious conduct under §768.28(9)(a), F.S. To be actionable against a state employee in an individual capacity, the "employee's conduct must be something greater than gross negligence."  Ondrey v. Patterson, 884 So. 2d 50, 54 (Fla. 2d Dist. Ct. App. 2004); see McClelland v. Cool, 547 So. 2d 975 (Fla. 2d Dist. Ct. App. 1989) (conclusory allegations of negligent and intentional behavior are insufficient to satisfy the degree of culpability required by § 768.28(9), F.S.).

Nevertheless, to state such a claim for negligence, the plaintiff must comply with the requirements of § 768.28, F.S., and allege in the complaint that he or she complied with the statute.  Menendez v. N. Broward Hosp. Dist., 537 So. 2d 89, 91 (Fla.1988).  A complaint that fails to include such an allegation is subject to dismissal for failure to state a claim.  Id. Here, Plaintiff has not properly brought this action in compliance with § 768.28, and has not alleged compliance with the statute.  (See Doc. 48 at 6-16.)

---

[9] In the Second Amended Complaint, Plaintiff alleges claims against the Defendants under the "States Tort Law of Negligence," but also alleges that the Defendants acted intentionally to deny him medical treatment.  (Doc. 48 at 13-15.)

## CONCLUSION

**Wherefore**, based on the foregoing, the Defendants respectfully request dismissal of this action without prejudice in his entirety pursuant to 28 U.S.C. § 1915 due to Plaintiff's abuse of judicial process;[10] or, alternatively, respectfully request dismissal of the (i) injunctive relief claims, (ii) official capacity claims for damages, (iii) due process claims, and (iv) state law claims.

Respectfully submitted,

**PAMELA JO BONDI**
**ATTORNEY GENERAL**

/s/ Marcus O. Graper
**MARCUS O. GRAPER**
**Assistant Attorney General**
**Florida Bar No. 0044049**
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
marcus.graper@myfloridalegal.com

---

[10] Lying to the court under penalty of perjury is considered a "strike" under 28 U.S.C. § 1915(g). Rivera, 144 F.3d at 731-32.

20

## CERTIFICATE OF SERVICE

**I hereby certify** that, on this <u>25th</u> day of October, 2013, a true and correct copy of the foregoing *Motion to Dismiss by Defendants Mason, Swails, and Nieves* has been electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to **Michael J. Schofield**, Clark, Partington, Hart, Larry, Bond & Stackhouse, 125 West Romana Street, Suite 800, P.O. Box 13010, Pensacola, Florida 32591-3010 (Counsel for Defendant Brady); and that the foregoing has been furnished by U.S. Mail to **Careem LaRonde, DC# H18323,** Franklin Correctional Institution, 1760 Highway 67 North, Carrabelle, Florida 32322 (Plaintiff *pro se*).

/s/ Marcus O. Graper
MARCUS O. GRAPER
