UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**CALEEM LARONDE,**

    Plaintiff,

v.                                          Case No.: 3:13cv4/MCR/CJK

**CHARLES MASON, et al.,**

    Defendants.

_____/

### RESPONSE TO PLAINTIFF'S JANUARY 2014 MOTION FOR LEAVE TO AMEND BY DEFENDANTS MASON, SWAILS, AND NIEVES

Defendants Mason, Swails, and Nieves (hereinafter "Defendants"), through undersigned counsel, respond in opposition to "Plaintiff's Request for Leave to Amend his Complaint (3rd)" (Doc. 58), and respectfully request for the Court to deny the Plaintiff's motion and order Plaintiff to file a response to the Defendants' motion to dismiss. In support, Defendants state as follows:

### Memorandum of Law and Argument

1.      On October 25, 2013, the Defendants filed a motion to dismiss the Plaintiff's Second Amended Complaint (Doc. 48) based on the following defenses: (i) Plaintiff's abuse of judicial process by filing a duplicative action and by failing to completely disclose his federal history; (ii) Plaintiff failure to state a cause of action for injunctive relief against the Defendants; (iii) Eleventh Amendment and Sovereign immunity; (iv) Plaintiff failure to state a claim under the Due Process Clause; and (v) Plaintiff's state claims being barred by the

1

statute of limitations and/or being barred by the Defendants' immunity under section 768.28, Florida Statutes ("F.S."). (Doc. 52.) The Court then ordered the Plaintiff to respond to the motion by November 27, 2013. (Doc. 53.)

2. On November 22, 2013, Plaintiff served a motion for enlargement of time to respond to the Defendant's motion. (Doc. 54.) Plaintiff states in support of his motion that he "is going to amend his complaint, in order to properly oppose the defendant's Motion to Dismiss." (Id. at 1.) On December 11, 2013, the Court granted the Plaintiff an extension to respond, ordering that a response is to be provided by January 10, 2014. (Doc. 55.) The Court also warned Plaintiff that he must obtain the Defendants' written consent or the Court's permission to amend. (Id.)

3. Plaintiff did not seek the Defendants' consent.

4. Instead, on January 1, 2014, he served a motion for leave to amend the complaint. (Doc. 58.) As a basis for the motion, Plaintiff only states that he should be allowed to correct his lack of disclosure. (See id.)

5. Pursuant to Federal Rule of Civil Procedure 15(a), after a party has amended a pleading, the "party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Further, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161,

1163 (11th Cir. 2001) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227 (1962)).

    6.    Defendants' oppose the amendment because multiple grounds were raised in the motion to dismiss that cannot be cured.

    7.    First, this is a duplicative action filed by the Plaintiff. (Doc. 52 at 5-9.) While another case was pending, Plaintiff filed this action based on the same series of events as the other case. (Id.)

    8.    Second, before Plaintiff filed the Second Amended Complaint, on March 11, 2013, he incurred a "strike" under 28 U.S.C. § 1915(g) for a dismissal for failure to state a claim upon which relief may be granted. (Id. at 8, ¶ 31.) Then, on August 30, 2013, Plaintiff served the Second Amended Complaint, where he failed to disclose this dismissal (id. at 6, ¶ 22; see Doc. 48 at 16), as well as, other federal cases (Doc. 52 at 8, ¶ 24).

    9.    Permitting Plaintiff, after he was caught demonstrating untruthfulness, to now amend the complaint without any sanction and fix his dishonest responses does *nothing* to drive home the fact that even *pro se* inmate litigants are held to standards of truthfulness and candor. Consequences drive home that fact. Hood v. Tompkins, 197 F.App'x 818, 819 (11th Cir. 2006) (unreported op.) ("to allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process."). "If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the [complaint] form." Johnson v. Crawson, No. 5:08cv300/RS/EMT, 2010 WL 1380247, at *2 (N.D.Fla. Mar. 3, 2010) (report and recommendation ("R&R")), 2010 WL 1380228 (N.D.Fla. Mar. 31, 2010) (unpublished

order adopting R&R)). "While a prisoner's pro se pleading is entitled to liberal construction, *that doctrine presupposes that the prisoner was honest and forthright with the Court.* Providing false responses to the Court is sanctionable conduct and *undermines the administration of justice*." Willis v. Tompkins, No. CV608-030, 2008 WL 1986220, at *1 (S.D.Ga. May 6, 2008) (unpublished opinion) (emphasis added).

10. Plaintiff's filed this case as a duplicative action of another case, and then failed to disclose multiple cases upon filing the Second Amended Complaint. Both types of conduct are conducted malicious. (Doc. 52 at 8-13.)

11. Third, Plaintiff's motion for leave to amend does not address the substantive grounds in the motion to dismiss that cannot be cured. Regarding the substantive claims, Plaintiff has only removed the injunctive relief claim and the official capacity claim from the proposed third amended complaint. (Compare Doc. 48 with Doc. 59.) Plaintiff's due process and negligence claims still remain. (Doc. 59 at 15-21.) Both of these claims are still subject to dismissal and cannot be cured via amendment. (Doc. 52 at 16-19.)

12. Consequently, while an amendment to these two claims would be futile, Plaintiff's primary purpose of the amendment is taken in bad faith, Bryant, 252 F.3d at 1163, so, in this circumstance, the Court should not allow the Plaintiff leave to amend.

13. Lastly, Plaintiff has still not responded to the Defendants' motion to dismiss.

**WHEREFORE**, for the foregoing reasons, the Defendants respectfully request this Court for an order denying "Plaintiff's Request for Leave to Amend the Complaint (3rd)" (Doc. 58) and instructing Plaintiff to file a response to the motion to dismiss (Doc. 52).

Respectfully submitted,

**PAMELA JO BONDI**
**ATTORNEY GENERAL**

/s/ Marcus O. Graper
**MARCUS O. GRAPER**
**Assistant Attorney General**
**Florida Bar No. 0044049**
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
marcus.graper@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I hereby certify** that, on this 13th day of January, 2014, a true and correct copy of the foregoing *Response to Plaintiff's January 2014 Motion for Leave to Amend by Defendants Mason, Swails, and Nieves* has been electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to **Michael J. Schofield**, Clark, Partington, Hart, Larry, Bond & Stackhouse, 125 West Romana Street, Suite 800, P.O. Box 13010, Pensacola, Florida 32591-3010 (Counsel for Defendant Brady); and that the foregoing has been furnished by U.S. Mail to **Careem LaRonde, DC# H18323,** Franklin Correctional Institution, 1760 Highway 67 North, Carrabelle, Florida 32322 (Plaintiff *pro se*).

/s/ Marcus O. Graper
MARCUS O. GRAPER