# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**CALEEM LARONDE,**

      **Plaintiff,**

**v.**                                **Case No. 3:13cv4/MCR/CJK**

**CHARLES MASON, et al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

     This prisoner civil rights case is before the court upon defendant Brady's motion to dismiss for failure to state a claim (doc. 49) and defendants Mason, Nieves and Swails' motion to dismiss on various grounds, including plaintiff's abuse of the judicial process in failing to accurately disclose his litigation history (doc. 52). Plaintiff responded in opposition to defendant Brady's motion (doc. 51), and in response to the remaining defendants' motion filed a motion to amend to correct his litigation history disclosure (doc. 58) accompanied by a proposed third amended complaint (doc. 59). Defendants Mason, Nieves and Swails oppose amendment (doc. 60). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After careful consideration, the court concludes that defendants Mason, Nieves and Swails' motion to dismiss for plaintiff's abuse of the judicial process should be denied (and

plaintiff's motion to amend denied as unnecessary); that defendants Mason, Nieves and Swails' motion to dismiss on other grounds should be granted in part and denied in part; and that defendant Brady's motion to dismiss for failure to state a claim should be granted.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action on December 31, 2012, by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1, p. 1). Plaintiff filed an amended complaint on February 19, 2013, and a second amended complaint on September 25, 2013. (Docs. 5 and 48, respectively). Plaintiff's second amended complaint was signed by plaintiff on August 30, 2013. (Doc. 48, p. 16). Plaintiff's second amended complaint names as defendants four prison officials at Santa Rosa Correctional Institution ("Santa Rosa CI"): Sergeant Charles Mason, Captain E. Swails, Advanced Registered Nurse Practitioner I. Nieves and Registered Nurse L. Brady. Plaintiff claims the defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment, deprived him of due process in violation of the Fourteenth Amendment, and were negligent under state law in October of 2011, when they delayed surgery on his broken arm. (Doc. 48). As relief, plaintiff seeks injunctive relief (that "the Defendants [sic] agent or agency, immediately give the plaintiff physical therapy and any other treatment required tot [sic] his left forearm/wrist"); compensatory and punitive damages against the defendants in their individual capacities; costs and any further relief the court deems just and proper. (*Id.*, p. 16).

Defendant Brady moves to dismiss plaintiff's second amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that plaintiff's allegations fail to state a plausible claim against her under the United States Constitution or Florida law. (Doc. 49). Defendants Mason, Nieves and Swails move

to dismiss plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b), on the following grounds:  (1) plaintiff abused the judicial process by failing to completely disclose his federal litigation history and by filing this duplicative action, (2) plaintiff fails to state a cause of action for the injunctive relief he seeks, (3) defendants are entitled to Eleventh Amendment and sovereign immunity from plaintiff's damages claims, (4) plaintiff fails to state a claim under the Due Process Clause and (5) plaintiff' state law claims are barred by the statute of limitations and/or defendants' immunity under Fla. Stat. § 768.28.  (Doc. 52).

Plaintiff responded in opposition to defendant Brady's motion to dismiss and provided exhibits which he contends support his claims.  (Doc. 51).  In response to defendants' Mason, Nieves and Swails' motion to dismiss, plaintiff filed a motion to amend his second amended complaint "to correct the mistake" of failing to completely disclose his federal litigation history.  (Doc. 58).  Plaintiff's motion to amend was accompanied by a proposed third amended complaint which amends plaintiff's litigation history but leaves the remainder of the second amended complaint unchanged.  (Doc. 59).  Plaintiff has not responded to any other bases for dismissal asserted by defendants Mason, Nieves and Swails.  (Doc. 58).

ALLEGATIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff was confined at Santa Rosa CI at the time of the events giving rise to his complaint.  (Doc. 48, p. 6).  Plaintiff alleges that at approximately 7:45 p.m. on October 29, 2011, he broke his lower forearm/wrist when he slipped and fell while exiting the shower.  (*Id*., p. 6).  Plaintiff declared a medical emergency and notified the dorm supervisor.  (*Id*.).  The dorm supervisor commented that plaintiff's arm appeared to be broken and immediately called for an officer to transport plaintiff to the medical department.  (*Id*.).  The responding officer shackled plaintiff but did not

handcuff him due to the apparent injury, and escorted plaintiff to the institution's medical clinic.  (*Id*.).  Plaintiff was examined by two nurses and informed that he would be taken to the Santa Rosa County Medical Center (hereinafter "the hospital") for treatment because there was not a doctor on staff at the institution that night.  (*Id*., p. 7).  Approximately ninety minutes later defendant Mason and another officer (Officer Sefurley) arrived to transport plaintiff to the hospital.  Defendant Mason shackled and handcuffed plaintiff even though plaintiff pleaded with Mason to loosen or remove the left handcuff because it aggravated plaintiff's injury.  (*Id*.).  Defendant Mason responded that "the cuffs are supposed to be tight for security reasons."  (*Id*.).  Plaintiff arrived at the hospital at approximately 10:00 p.m. and waited in the emergency room for an hour.  (*Id*., pp. 7-8).  Plaintiff's arm was x-rayed at approximately 12:00 a.m. on October 30, 2011.  (*Id*., p. 8).  Doctor Moudar Alshazley informed plaintiff, defendant Mason and Officer Sefurley that plaintiff's left forearm/wrist was broken and required immediate surgery.  (*Id*.).  Defendant Mason became very angry and stated to Doctor Alshazley, "Oh no he's not.  I was only to bring the prisoner here for an X-ray, nobody said anything about treatment."  (*Id*.).  Dr. Alshazley informed Mason that it was against hospital policy to discharge a patient without treating a known and visible injury.  (*Id*.).  Defendant Mason became hostile and responded, "I was suppose to get off work at 11 p.m. and I am not going to be babysitting an inmate."  (*Id*.).  Dr. Alshazley informed Mason that she would contact Mason's supervisor to obtain permission to treat plaintiff.  (*Id*.).  Dr. Alshazley went to her office and returned approximately ten minutes later.  When Dr. Alshazley returned she informed defendant Mason that she called the institution and spoke with defendant Swails, but Swails declined to give permission for plaintiff to be treated on the grounds that he was not the one who authorized plaintiff to leave the

institution, he did not know why plaintiff was at the hospital, and he did not "know what the plaintiff needs." (*Id*., p. 9).   Defendant Mason responded that he and plaintiff were leaving the hospital, but allowed Dr. Alshazley to wrap plaintiff's arm with an ace bandage and a sling placed around plaintiff's neck and shoulder to prevent further injury.  (*Id*.).   Dr. Alshazley informed plaintiff that his arm was broken and needed to be treated.  (*Id*.).   Plaintiff was discharged from the hospital and placed into the transporting vehicle.  (*Id*.).   Defendant Mason commented to plaintiff, "its [sic] nothing personal to you but I have family issues to attend to." (*Id*.).   Upon arrival at Santa Rosa CI, defendant Mason departed and Officer Sefurley escorted plaintiff to the medical clinic.  (*Id*.).   The nurses who had seen plaintiff earlier and prepared the incident report were not there due to a shift change.  (*Id*., p. 10).   An unidentified nurse asked plaintiff if his arm was broken and, upon plaintiff affirming that it was, informed plaintiff there was nothing she could do because she was not a doctor.  (*Id*.).   The unidentified nurse took plaintiff to the infirmary.   The following morning, October 31, 2011, plaintiff was taken to the medical clinic where he was seen by defendant Nurse Brady.  (*Id*.).   Defendant Brady called the hospital and obtained the results of plaintiff's x-rays.  (*Id*.).   Brady informed plaintiff that he would need two rods in his arm because his bone was broken in two places.  (*Id*.). Plaintiff informed defendant Brady that he was in a lot of pain and needed immediate treatment.  (*Id*.).   Brady responded that plaintiff would have to go to Lake Butler Reception and Medical Center for surgery.  (*Id*.).   Defendant ARNP Nieves was the acting Nurse Practitioner that day and obtained plaintiff's discharge papers from the hospital.  (*Id*.).   The discharge papers indicated that plaintiff suffered a radius fracture of his forearm.  (*Id*.; *see also* Doc. 51, Ex. A).   Dr. Alshazley's discharge instructions provided, in relevant part, that plaintiff should follow up with a private physician the

following day for further diagnostic work-up and continuity of care. (*Id*., p. 11; Doc. 51, Ex. A). Plaintiff claims defendant Nieves and defendant Brady "ignored the instructions" and returned plaintiff to the infirmary. (*Id*.). The medical records attached to plaintiff's response to Brady's motion to dismiss establish that during plaintiff's visit to the medical clinic, defendant Nieves requested an emergency orthopedic consultation. (Doc. 51, Ex. B). The next day, November 1, 2011, plaintiff was transported to Lake Butler RMC for treatment. (*Id*.). Plaintiff complains that upon arrival at Lake Butler RMC, he was placed in a dormitory instead of the infirmary and "was restricted from contact with medical staff and prison officials." (Doc. 58, p. 11). On November 8, 2011, ten days after plaintiff's injury, plaintiff was seen by an orthopedist, Dr. Esquivia-Munoz. (*Id*.). Dr. Esquivia-Munoz unwrapped the ace bandage and informed plaintiff that "this operation is going to be difficult due to going ten days without treatment to this [sic] broken bones. The muscle tissues around the bone has started to heal, therefore, muscle around the broken bone has hardened." (*Id*.). Dr. Esquivia-Munoz administered two shots of anesthesia near the injury, re-broke plaintiff forearm/wrist, set the broken bone back into place, and placed a cast on plaintiff's arm. (*Id*., p. 12). On January 17, 2011, Dr. Esquivia-Munoz removed plaintiff's cast and x-rayed plaintiff's arm. (*Id*.). Plaintiff alleges that the x-ray revealed "disfigurement to the plaintiff's healed injury." (*Id*.). Plaintiff states he now has limited mobility to his wrist due to the ten-day delay in receiving surgery. (*Id*.).

Based on the foregoing allegations, plaintiff claims defendant Mason was deliberately indifferent to his serious medical need in violation of the Eighth Amendment when Mason refused to allow Dr. Alshazley to perform surgery on plaintiff's arm after being informed that plaintiff's arm was broken and needed

immediate surgery.  (*Id*., p. 13).  Plaintiff claims defendant Mason's conduct also violated the Due Process Clause and constituted "willful/gross negligence" under Florida's "Tort Law of Negligence" and "Tort Statutes under the Law of 'Reckless Disregard.'"  (*Id*.).

Plaintiff claims defendant Swails was deliberately indifferent to his serious medical need in violation of the Eighth Amendment when Swails refused to authorize surgery on plaintiff's arm after Dr. Alshazley informed Swails that plaintiff's arm was broken and required immediate treatment, and that defendant Mason (Swails' subordinate) had refused to allow treatment.  (*Id*., pp. 13-14).  Plaintiff claims Swails' conduct also violated the Due Process Clause and Florida's "Tort Law of Negligence."  (*Id*., p. 14).

Plaintiff claims defendant Brady was deliberately indifferent to his serious medical need in violation of the Eighth and Fourteenth Amendments and Florida's "Tort Law of 'Negligence'" when she failed to "notify[ ] or, inform[ ] a high ranking official that, the plaintiff suffers from an untreated, two day old broken forearm/wrist", when she "sen[t] the plaintiff back to the infirmary with a broken forearm/wrist, without treatment", and when she failed to comply with Dr. Alshazley's discharge instructions.  (*Id*., pp. 14-15).

Plaintiff claims defendant Nieves was deliberately indifferent to his serious medical need in violation of the Eighth and Fourteenth Amendments and Florida's "Tort Law of Negligence" when she failed to "notify[ ] a high ranking official" that plaintiff was admitted to the hospital and discharged without treatment; when she failed to order immediate treatment; and when she failed to comply with Dr. Alshazley's discharge instructions.  (*Id*., p. 15).

As relief, plaintiff seeks an injunction requiring the Department of Corrections to provide plaintiff physical therapy and any other required treatment; compensatory and punitive damages against each defendant in his or her individual capacity; costs of suit; and any additional relief the court deems just, proper and fair. (*Id.*, p. 16).

LEGAL STANDARD GOVERNING MOTIONS TO DISMISS

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). In applying this rule, however, only <u>well pleaded</u> factual allegations are taken as true and only <u>reasonable</u> inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Marrero v. City of Hialeah*, 625 F.2d 499, 502 (5th Cir. 1980);[1] *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). Mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation")); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1266 (11th Cir. 2009) (stating that "in testing the sufficiency of the plaintiff's allegations, we do not credit . . . conclusory allegations as true").  A court may consider documents attached to the complaint, and may also consider documents extrinsic to the complaint (without invoking the summary judgment procedure), but only if the document in question is central to plaintiff's claim and its authenticity is undisputed.  *See Day v. Taylor*, 400 F.3d 1272, 1274 (11th Cir. 2005); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

As the Supreme Court reiterated in *Iqbal*, *supra*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*, 129 S. Ct. at 1949.  A complaint or counterclaim must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.*  The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965, that is, "across the line from conceivable to plausible." *Id.*, 550 U.S. at 570, 127 S. Ct. at 1974.  A complaint is also subject to dismissal for failure to state a claim if the complaint's

allegations – on their face – show that an affirmative defense bars recovery on the claims. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle and providing, as an example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

Because plaintiff's abuse of the judicial process would be dispositive of this case, the court will address that issue before addressing defendants' remaining arguments.

## DISCUSSION

### Defendants' Mason, Nieves and Swails' Motion to Dismiss for Plaintiff's Abuse of the Judicial Process

Defendants move to dismiss this case under 28 U.S.C. § 1915(e)(2)(B) for plaintiff's "malicious abuse of the judicial process" in not disclosing two federal cases (Middle District Case No. 8:12cv2059, and Northern District Case No. 3:12cv369) and in not revealing that one of the federal cases he disclosed (Northern District Case No. 3:12cv516) was dismissed for failure to state a claim during the pendency of this lawsuit. (Doc. 52, pp. 8, 10-13). Defendants also argue that plaintiff abused the judicial process by initiating this cause of action, which asserts the same claims as in Case No. 3:12cv516, when the latter case was still pending. (*Id.*, pp. 8-9). Plaintiff essentially argues that he made a mistake by not listing all of his federal cases in his second amended complaint, and that he should be granted leave to amend to correct his mistake. (Doc. 58). Plaintiff does not address defendants' argument that he abused the judicial process by initiating this action at a time when an identical action was pending.

Plaintiff's first and second amended complaints were filed on the court-issued prisoner civil rights complaint form. (Docs. 5, 48).[2]  The prisoner complaint form has a section entitled "Previous Lawsuits," where the prisoner-plaintiff is directed to list "all prior civil cases." (*Id*., pp. 3-4).  The warning for violating the order appears in bold, capitalized font:  "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 5, p. 3; Doc. 48, p. 3).  The complaint form directs the prisoner-plaintiff to answer the following four questions:

(A)   "Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?"

(B)   "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?"

(C)   "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"

(D)   "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?"

(*Id*., pp. 3-4) (emphases in original).  Following each question are parenthetical areas to mark either a "Yes" or "No" answer to that question.  The complaint form then

---

[2]Plaintiff's original complaint was filed on the civil rights complaint form for use by non-prisoners, which does not require disclosure of the litigant's litigation history. (Doc. 1).  Plaintiff was required to re-file his complaint on the appropriate prisoner form.  (Doc. 3).

directs the prisoner to describe each action, attaching additional pages if necessary.

Plaintiff's first and second amended complaints, together, disclosed two state lawsuits and three federal lawsuits.  The two state lawsuits plaintiff disclosed were: (1) *Laronde v. Mason, et al.*, Case No. 2012-CA-002410, a civil rights action plaintiff initiated in Leon County Circuit Court and which was removed to this court where it was ultimately assigned Case No. 3:12cv516  (doc. 5, p. 3; doc. 48, p. 3) and (2) *Laronde v. Hillsborough Cnty. Sheriff's Office*, a case plaintiff filed in the Hillsborough County Circuit Court challenging a property seizure (doc. 5, pp.5-6; doc. 48, p. 5).  Plaintiff reported that the Leon County Circuit case dealt with the same or similar facts/issues involved in this action, and that the case was still pending in federal court.  (Doc. 5, p. 3; Doc. 48, p. 3).  Plaintiff also disclosed three federal lawsuits:  (1) *LaRonde v. Meyers*, Case No. 3:12cv879, a civil rights case plaintiff filed in the United States District Court for the Middle District of Florida that he voluntarily dismissed (doc. 5, p. 4; doc. 48, p. 4); (2) *Laronde v. Prsvbysz, et al.*, Case No. 8:12cv2059, another civil rights case plaintiff initiated in the Middle District that was still pending (doc. 5, p. 4); and (3) *Laronde v. Mason*, Case No. 3:12cv369, a civil rights case plaintiff filed in this court that he voluntarily dismissed (doc. 5, p. 5). When asked on the complaint form whether he had had any action in federal court dismissed as frivolous, malicious, for failing to state a claim, or prior to service, plaintiff marked "No" and disclosed no cases.  (Doc. 5, p. 6; Doc. 48, pp. 5-6). Plaintiff's complaints contained the following statement:  "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct", followed by plaintiff's signature.  (Doc. 5, p. 17; Doc. 48, p. 16).

Defendants assert that plaintiff maliciously abused the judicial process by failing to disclose in his second amended complaint Middle District Case No.

8:12cv2059 and Northern District Case No. 3:12cv369, and by failing to disclose in his second amended complaint that  Northern District Case No. 3:12cv516 (the case removed from Leon County Circuit Court) was dismissed on March 11, 2013, for failure to state a claim (plaintiff's failure to exhaust administrative remedies).  (Doc. 52, p. 10).  Plaintiff's failure to disclose Case Nos. 8:12cv2059 and 3:12cv369 in his second amended complaint does not warrant dismissal for abuse of the judicial process, because plaintiff disclosed those cases in his first amended complaint. Plaintiff's failure to update the status of Case No. 3:12cv516 (that it had been dismissed for failure to state a claim) does not appear to have been malicious.  The purposes of requiring disclosure of a prisoner's litigation history include, but are not limited to, enforcing the so-called "three strikes" provision of 28 U.S.C. § 1915(g)[3], and assisting the court in evaluating whether the action is related to or should be considered in connection with another case, or whether a holding in another case affects the current action.  Plaintiff disclosed Case No. 3:12cv516 by identifying the underlying state court case, and also put the court on notice of its pendency and relation to this lawsuit.  The change in status of Case No. 3:12cv516 (from pending to dismissed) did not affect the court's enforcement of the "three strikes" provision of § 1915(g), because Case No. 3:12cv516 had not been dismissed at the time plaintiff initiated this lawsuit and was granted leave to proceed *in forma pauperis*. Although plaintiff offers no excuse for failing to provide an updated status of Case No. 3:12cv516, the court finds that in the very limited circumstances of this case, a

---

[3]Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

dismissal as malicious (even without prejudice) is not warranted.  Unlike the prisoner in *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006), and the prisoners in the remaining cases defendants cite to support dismissal, plaintiff here did not wholly fail to disclose any of his prior federal cases – he disclosed all of them at the initial stage of this proceeding in his first amended complaint.  *Hood*, 197 F. App'x at 819 (affirming dismissal of prisoner civil rights case where prisoner denied having brought any other lawsuits in federal court and disclosed no cases, and magistrate judge identified three prior federal cases plaintiff had filed); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129 (11th Cir. 2010) (affirming dismissal where prisoner failed to disclose one prior federal case).[4]

Defendants also argue that plaintiff abused the judicial process by initiating this lawsuit while his identical cause of action, Case No. 3:12cv516, was pending.  Duplicative litigation is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i), as malicious.  An *in forma pauperis* complaint "that merely repeats pending or previously litigated claims" may be considered abusive and dismissed under the

---

[4]Defendants also cite the following district court cases, all of which involve prisoners' complete failure to disclose one or more prior federal cases: *Paulcin v. McNeil*, No. 3:09cv151/LAC/MD, 2009 WL 2432684 (N.D. Fla. Aug. 9, 2009) (dismissing case where prisoner disclosed only four of his five prior federal cases); *Brown v. Overstreet*, No. CV 107-113, 2008 WL 282689 (S.D. Ga. Jan. 30, 2008) (dismissing case where prisoner failed to disclose three prior federal cases); *Johnson v. Crawson*, 5:08cv300/RS/EMT, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case where prisoner failed to disclose one prior federal case); *Sills v. Marion Cnty. Jail*, No. 5:10cv204-Oc-29GRJ, 2010 WL 2367237 (M.D. Fla. June 13, 2010) (dismissing case where prisoner failed to disclose two prior federal cases); *Jones v. Florida*, No. 3:09cv269-MCR-EMT, 2009 WL 3177576 (N.D. Fla. Sep't. 28, 2009) (dismissing case where prisoner failed to disclose two prior federal cases); *Hinson v. Escambia Cnty. Sheriff's Dep't*, No. 3:09cv112/MCR/EMT, 2009 WL 1606517 (N.D. Fla. May 6, 2009) (dismissing case where prisoner failed to disclose three prior federal cases); *Anderson v. Akhtar*, No. 3:08cv994-J-12MCR, 2008 WL 4773187 (M.D. Fla. Oct. 29, 2008) (dismissing case where prisoner failed to disclose four prior federal cases); *Rolle v. Crosby*, No. 3:05-cv-1161-J-21HTS, 2005 WL 3087863 (M.D. Fla. Nov. 16, 2005) (dismissing case where prisoner failed to disclose five prior federal cases).

authority of § 1915(e).  *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995) (reiterating that an *in forma pauperis* complaint containing the same allegations as a prior complaint dismissed under § 1915 may be dismissed as frivolous or malicious); *Crisalfi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981) ("A complaint that merely repeats pending or previously litigated claims may be considered abusive, and a court may look to its own records to determine whether a pleading repeats prior claims.").

Defendants argue that it was the <u>timing</u> of plaintiff's initiating this lawsuit, not the lawsuit itself, that warrants dismissal as duplicative, malicious and an abuse of the judicial process.  A review of the docket in Case No. 3:12cv516 indicates that plaintiff did not time the filing of this lawsuit for an improper purpose.  Case No. 3:12cv516 concerned the same events at issue here, except plaintiff sued only defendant Mason.  (Case No. 3:12cv516, Doc. 5, Ex. A).  Defendant Mason moved to dismiss the action on November 8, 2012, arguing that plaintiff failed to complete exhaustion of his administrative remedies prior to filing suit.  (Case No. 3:12cv516, Doc. 14).  Plaintiff was ordered to respond.  (*Id*., Doc. 18).  On December 17, 2012, plaintiff filed a "Request for Information from the Court" admitting that he filed suit before receiving a response to his administrative appeal, and asking the court how to proceed, specifically, whether he should file a new case or continue prosecuting Case No. 3:12cv516.  (*Id*., Doc. 26).  Plaintiff's "Request" was never referred to the magistrate judge and was never addressed.  After receiving no response, on December 31, 2012, plaintiff filed a motion to extend time to respond to Mason's motion to dismiss (Case No. 3:12cv516, Doc. 28), and simultaneously initiated this lawsuit. (Doc. 1).  Plaintiff later responded in opposition to Mason's motion to dismiss.  (Case No. 3:12cv516, Doc. 32).  On March 11, 2013, the court dismissed Case

3:12cv516 for plaintiff's failure to exhaust his administrative remedies prior to filing suit.  The dismissal was without prejudice to plaintiff re-filing his claims.  The timing of plaintiff's initiation of this lawsuit, although premature, was not malicious. Defendants Mason, Nieves and Swails' motion to dismiss this case as malicious for plaintiff's abuse of the judicial process should be denied.

Defendants' Mason, Nieves and Swails' Remaining Grounds for Dismissal

      A.     Failure to State a Claim for Injunctive Relief

      Defendants assert that plaintiff's allegations fail to state a plausible claim for the injunctive relief he seeks, because plaintiff is no longer incarcerated at defendants' institution and even if he was, the defendants are not in a position to provide the relief he seeks.  Defendants argue that because plaintiff cannot show "that the injunction sought will likely be able to address the relief he seeks" and further cannot show "that the relief can be effectuated by an order directed towards any of the defendant's actual and imminent (future) actions", his request for injunctive relief should be dismissed.  (Doc. 52, p. 15).

      "To obtain a permanent injunction, a party must show:  (1) that he has prevailed in establishing the violation of the right asserted in his complaint; (2) there is no adequate remedy at law for the violation of this right; (3) irreparable harm will result if the court does not order injunctive relief; and (4) if issued, the injunction would not be adverse to the public interest."  *Thomas v. Bryant*, 614 F.3d 1288, 1317 (11th Cir. 2010); *Keener v. Convergys Corp.*, 342 F.3d 1264, 1269 (11th Cir. 2003) ("Permanent injunctive relief requires three elements:  (1) success on the merits; (2) continuing irreparable injury; and (3) no adequate remedy at law."); *see also Sampson v. Murray*, 415 U.S. 61, 88, 94 S. Ct. 937, 952, 39 L. Ed. 2d 166 (1974) ("The basis of injunctive relief in the federal courts has always been irreparable harm and

inadequacy of legal remedies.").  To establish the irreparable injury requirement, plaintiff must show that the threat of injury to him is "neither remote nor speculative, but actual and imminent." *Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla*., 896 F.2d 1283, 1285 (11th Cir. 1990) (*quoting Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 973 (2d Cir.1989)); *see also Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (stating that to obtain injunctive relief, a plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical threat of future injury.").  This necessitates that the persons from whom the injunctive relief is sought be parties to the underlying action.  *See Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-43 (11th Cir. 1995) (holding that district court lacked subject matter jurisdiction to issue preliminary and permanent injunction against a non-party to the pending action).  In addition, "[t]he remedy must of course be limited to the inadequacy that produced the injury in fact that the plaintiff has established."  *Lewis v. Casey*, 518 U.S. 343, 357, 116 S. Ct. 2174, 2183, 135 L. Ed. 2d 606 (1996); *see also Missouri v. Jenkins*, 515 U.S. 70, 88, 89, 115 S. Ct. 2038, 2049-50, 132 L. Ed. 2d 63 (1995) ("[T]he nature of the . . . remedy is to be determined by the nature and scope of the constitutional violation" (citation and internal quotation marks omitted)); *Califano v. Yamasaki*, 442 U.S. 682, 702, 99 S. Ct. 2545, 2558, 61 L. Ed. 2d 176 (1979) ("[T]he scope of injunctive relief is dictated by the extent of the violation established." ); *Soc'y for Good Will to Retarded Children, Inc. v. Cuomo*, 737 F.2d 1239, 1251 (2d Cir. 1984) ("Injunctive relief should be narrowly tailored to fit the specific legal violations adjudged.").  In the context of prison conditions, courts must also consider the requirements of the prison Litigation Reform Act, 18 U.S.C. § 3626, which provides, in relevant part:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. § 3626(a)(1)(A).

Plaintiff has alleged only individual wrongdoing on the part of each defendant in refusing to authorize or facilitate adequate medical care, yet his demand for injunctive relief is directed not to the individual defendants, but to the Department of Corrections, or as plaintiff phrases it, "Defendants agent or agency."  Plaintiff has not pled official capacity claims against the defendants (*i.e.*, plaintiff does not allege that the alleged constitutional violations were the result of a Department of Corrections' policy), and the DOC is not a party to this suit.  Accordingly, the court cannot issue an injunction against the DOC.  Plaintiff further fails to show that he has no adequate remedy at law to address any ongoing residual effects of the delay in surgery.  Plaintiff may seek additional post-surgery medical care at his present institution.[5]  In addition, the allegations do not support a finding of unconstitutional action that is ongoing.  As plaintiff's allegations do not plausibly support the prospective permanent injunctive relief he seeks, plaintiff's demand for an injunction against the DOC should be dismissed.

B.     Application of Eleventh Amendment and Sovereign Immunity

Defendants assert that "to the extent Plaintiff seeks damages from the Defendants in their official capacities, such claims should be dismissed." (Doc. 52,

---

[5]Although plaintiff was housed at Franklin CI at the time defendants filed their motion to dismiss, plaintiff is presently confined at Santa Rosa CI.  (Doc. 61).

p. 16).  Plaintiff's second amended complaint pleads only individual capacity claims against the defendants and  requests, in very explicit terms, damages against the defendants "in their individual capacities."  (Doc. 48).   Neither the Eleventh Amendment nor sovereign immunity applies to this case, and there are no official capacity damages claims to dismiss.  Accordingly, defendants' motion to dismiss on the basis of Eleventh Amendment and sovereign immunity should be denied.

      C.     Failure to State a Substantive Due Process Violation

      Plaintiff asserts claims under both the Eighth and Fourteenth Amendments based on defendants' alleged medical deliberate indifference.  Defendants argue that because plaintiff's constitutional claim is covered by a specific constitutional provision (the Eighth Amendment), his claims must be analyzed under that provision, not as a substantive due process claim.  (Doc. 52, pp. 16-17).  Defendants are correct.   Plaintiff's claims are premised on defendants' alleged deliberate indifference to his serious medical need.  Plaintiff is protected under the Eighth Amendment as a prisoner and is afforded "no greater [substantive] protection by the due process clause."  *Edwards v. Gilbert*, 867 F.2d 1271, 1275-76 (11th Cir. 1989) (holding that the substantive due process clause provides no greater protection than that afforded by the Eighth Amendment).  In *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989), the Court held that it is improper in a § 1983 action to rely on a substantive due process claim when a specific constitutional standard governs the plaintiff's claimed right.  Because the Eighth Amendment provides explicit constitutional protection to prisoners against cruel and unusual punishment, plaintiff cannot bring a separate, independent claim under § 1983 for the same behavior based on substantive due process.  *See Lee v. Sikes*, 870 F. Supp. 1096, 1101 (S.D. Ga. 1994) (holding that prisoner, who was attacked by boar while

working at assigned duties in prison's hog farm operation, was protected by the Eighth Amendment and could not bring a separate, independent claim under § 1983 for the same behavior by prison officials based on substantive due process). Plaintiff's due process claims against all of the defendants, including defendant Brady, should be dismissed for failure to state a claim on which relief may be granted.

D.     Failure to State Viable State Law Claims

Plaintiff asserts that defendant Mason's conduct violated Florida's "Tort Law of Negligence" and Florida's "Tort Statutes under the Law of 'Reckless Disregard.'" (Doc. 48, p. 13).  Plaintiff asserts that defendants Swails', Nieves' and Brady's conduct violated Florida's "Tort Law of Negligence" (*Id.*, pp. 14-15).  Defendant assert that those state law claims alleging, directly or indirectly, that they committed an intentional tort against plaintiff must be dismissed under Florida's one-year statute of limitations, Fla. Stat. § 95.11, and that those state law claims alleging negligence must be dismissed on the basis of their immunity from individual liability under Fla. Stat. § 768.28(9)(a).  (Doc. 52, pp. 17-19).

Section 95.11, Florida Statutes, provides the limitations period for all causes of action in Florida, except for recovery of real property.  *Nicarry v. Eslinger*, 990 So. 2d 661, 663 (Fla. 5th DCA 2008).[6]  The statute provides, in relevant part, that except for actions relating to prison disciplinary proceedings, "an action brought by or on behalf of a prisoner . . . relating to the conditions of the prisoner's

---

[6]When applying state law, intermediate state appellate court opinions are binding, "unless there is persuasive evidence that the highest state court would rule otherwise."  *Bravo v. United States*, 577 F.3d 1324, 1326 (11th Cir. 2009) (per curiam) (*quoting King v. Order of United Commercial Travelers of Am.*, 333 U.S. 153, 158, 68 S. Ct. 488, 92 L. Ed. 608 (1948)).

confinement" must be commenced within "one year" of when the action accrued. Fla. Stat. § 95.11(5)(g).   The one year limitations period applies to all prisoner actions, whether isolated or ongoing, which relate to the conditions of a prisoner's confinement. *Nicarry*, 990 So. 2d at 663-65; *see also Rogers v. Judd*, 389 F. App'x 983, 988-89 (11th Cir. 2010) (holding that state prisoner's negligence, assault and battery claims against county sheriff and detention deputies were subject to Florida's one-year limitation period in § 95.11(5)(g), rather than the four-year limitation periods set forth in § 95.11(3)(a) and (o)).  "A cause of action accrues when the last element constituting the cause of action occurs."  Fla. Stat. § 95.031(1) (2013); *Keller v. Reed*, 603 So. 2d 717, 719 (Fla. 2d DCA 1992) ("Florida courts have held that the last element occurs, and thus the cause of action accrues, when the plaintiff knew, or through the exercise of due diligence should have known, of the invasion of his or her legal rights."); *Lewis v. Asplundh Tree Expert Co.*, 305 F. App'x 623, 626-27 (11th Cir. 2008) (holding that state law claim accrued on the day of the alleged assault and battery).

Plaintiff's complaint, on its face, challenges the conditions of plaintiff's confinement through discrete acts of the defendants (denial of medical care) occurring between October 29-31, 2011.  Plaintiff did not file this lawsuit until December 31, 2012.  (Doc. 1).  Plaintiff has not responded in opposition to defendants' statute of limitations defense, or offered any basis to overcome the statute of limitations bar.  As plaintiff's complaint was filed more than one year after plaintiff's state law claims accrued, his state law claims should be dismissed as time-barred.

Notwithstanding the statute of limitations defense, plaintiff's state tort claims – which plaintiff labels as claims of "negligence"[7] – are subject to dismissal on the alternative basis of defendants' immunity from individual liability.  Florida law provides:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. § 768.28(9)(a) (2012).  To be actionable against a state employee in an individual capacity, the "employee's conduct must be something greater than gross negligence."  *Ondrey v. Patterson*, 884 So. 2d 50, 54 (Fla. 2d DCA 2004); *see also McClelland v. Cool*, 547 So. 2d 975 (Fla. 2d DCA 1989) (conclusory allegations of negligent and knowing behavior are insufficient to satisfy the degree of culpability required by § 768.28(9)(a)).  Plaintiff cannot pursue individual-capacity state law claims of negligence against the defendants.

The court should grant defendants Mason, Swails' and Nieves' motion to dismiss plaintiff's state law claims.  The court should also *sua sponte* dismiss plaintiff's state law claims against defendant Brady for failure to state a claim based on Florida's statute of limitations bar and Brady's entitlement to individual immunity.

---

[7]Plaintiff also asserts a claim against defendant Mason under Florida's "Tort Statutes under the Law of 'Reckless Disregard,'" but Florida law does not recognize a tort called "reckless disregard."

<u>Defendant Brady's Motion to Dismiss</u>

Defendant Nurse Brady moves to dismiss plaintiff's claims against her on the ground that plaintiff's allegations fail to state a plausible claim under the Eighth Amendment, the Due Process Clause, or state law.  (Doc. 49).  Plaintiff's substantive due process and state law claims should be dismissed for the reasons set forth above. Plaintiff's Eighth Amendment claim should be dismissed because plaintiff's pleadings and exhibits demonstrate that neither defendant Brady nor defendant Nieves was deliberately indifferent to plaintiff's broken arm.

A prisoner claiming he was deprived of medical care in violation of the Eighth Amendment must show "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Danley v. Allen*, 540 F.3d 1298, 1310 (11th Cir. 2008).  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (*citing Hill v. Dekalb Reg'l Youth Det. Ctr*, 40 F.3d 1176, 1186 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002)); *see Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994) (holding that a serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm.").

Deliberate indifference has three components:  "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Farrow*, 320 F.3d at 1245 (quotations omitted).  The Supreme Court has emphasized that the official must have been actually aware of the risk of harm: "the official must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1979.   Allegations of negligence and medical malpractice do not state a plausible claim for relief under the Eighth Amendment or § 1983.  *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (holding that an inmate claiming medical deliberate indifference must show, among other things, that the prison official's response to his objectively serious medical need "was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." (quotation marks, brackets and citations omitted)).  Some of the ways in which prison officials might avoid liability is to show: (1) "that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger;" (2) that "they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent;" or (3) that "they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844, 114 S. Ct. at 1982-83.

Delay in providing "medical treatment known to be necessary" can qualify as deliberate indifference.  *H.C. ex rel. Hewett v. Jarrard*, 786 F.2d 1080, 1086 (11th Cir. 1986); *see also Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985) ("[I]f necessary medical treatment has been delayed for non-medical reasons, a case of deliberate indifference has been made out.").  That delay, however, must be "tantamount to unnecessary and wanton infliction of pain," and "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of [the] delay in medical treatment." *Hill* at 1188.  The Eleventh Circuit has found cognizable

deliberate indifference claims when the prison officials delayed treatment for life-threatening emergencies and in "situations where it is apparent that delay would detrimentally exacerbate the medical problem."  *Hill* at 1187.

Defendant Brady asserts that plaintiff fails to state a plausible claim of deliberate indifference because he alleges merely negligence and because "Brady was under no duty to comply with any orders from a medical facility at conflict with orders within the prison system, and orders within the prison system are at the discretion of prison officials and not medical staff."  (Doc. 49, p. 2).  Defendant Brady further argues:

> With regard to the Eighth Amendment, the Court held in the case of *Estelle v. Gamble*, 429 U.S. 97 (1976), that in order to even state a cognizable Civil Rights claim due to inadequate medical care a prisoner must allege acts or omissions sufficiently harmful to evidence a deliberate indifference to serious medical needs.  Under the *Estelle* case, a complaint that a physician has been <u>negligent</u> (which would arguably include nursing staff), is insufficient.  In the present case, Plaintiff has not alleged medical malpractice but has only alleged in paragraphs 30 and 31 that the actions of Brady were inappropriate because she failed to demand from a high ranking prison official specific treatment of the Plaintiff, or alternatively that she failed to comply with a medical doctor's orders from the hospital where Plaintiff presented for treatment. Even if taken as true for purposes of this motion, both allegations fail to rise to a level to plead sufficiently to support a violation of the Eighth Amendment. In the *Estelle* case, supra, the Court dismissed similar complaints on the grounds of failing to state a claim.
>
> Defendant Brady would direct the Court to the case of *Evans v. St. Lucie County Jail*, 448 Fed. Appx. 971 (11th Cir. 2011), before the 11th Circuit Court of Appeals, in which the court held that delay in obtaining medical attention and treatment did not rise to deliberate indifference to serious medical needs sufficient to show a violation of the Fourteenth Amendment, due process, or the Eighth Amendment.

(Doc. 49, pp. 4-5).

Plaintiff cannot establish a plausible claim of deliberate indifference against defendant Brady or defendant Nieves, because the allegations of his second amended complaint (doc. 48) and the medical records attached to his opposition to Brady's motion to dismiss (doc. 51, Attach.) demonstrate that Brady and Nieves provided plaintiff prompt medical attention for his broken arm. According to plaintiff's allegations, defendant Brady <u>did</u> make a higher-ranking official aware of plaintiff's condition – she consulted defendant Nieves, an Advanced Registered Nurse Practitioner. (Doc. 48, pp. 10-11). Defendant Nieves reviewed plaintiff's hospital records and submitted an emergency Consultation Request for plaintiff to be seen by an orthopedist. (Doc. 51, Ex. B). Nieves' Consultation Request described the extent of plaintiff's injury and the date it occurred, and attached plaintiff's x-rays. (*Id*.). Defendant Brady informed plaintiff that because the surgery could not be accomplished at Santa Rosa CI, he would be transported to Northwest Florida RMC for surgery. (Doc. 48, pp. 10-11 ¶¶ 19-20; *see also* Doc. 51, Ex. B). Plaintiff was transported to Northwest Florida RMC the next day. (Doc. 48, p. 11 ¶ 21). Plaintiff's pleadings do not arguably indicate that Nurse Brady or ARNP Nieves acted with callous disregard for plaintiff's medical condition or impermissibly delayed treatment for non-medical reasons. Because plaintiff's pleadings and exhibits fail to state a plausible claim of deliberate indifference against defendants Brady and Nieves, defendant Brady's motion to dismiss should be granted and the court should dismiss, *sua sponte* under § 1915(e)(2)(B)(ii), plaintiff's Eighth Amendment claim against defendant Nieves for failure to state a claim. *See, e.g., Clas v. Torres*, No. 13-11770, — F. App'x —, 2013 WL 6570584 (11th Cir. Dec. 16, 2013) (affirming district

court's *sua sponte* dismissal of prisoner's medical deliberate indifference claims against four doctors and a nurse; prisoner failed to establish deliberate indifference to his intense migraine-like symptoms because he admitted receiving medical attention for his symptoms (including granting his medical requests, prescribing him medication, ordering an X-ray and ordering a CT scan); prisoner failed to establish claim based on delay, because "[t]here might have been some delays but nothing amounting to a constitutional violation."); *Bishop v. Pickens Cnty. Jail*, 520 F. App'x 899, 901 (11th Cir. 2013) (affirming district court's *sua sponte* dismissal of prisoner's medical deliberate indifference claims against medical staff at jail where prisoner's complaint and attached exhibits documented ongoing attempts by medical staff to diagnose and treat prisoner's conditions; the actions staff took "show a good-faith effort by prison staff to address [the prisoner's] medical needs").[8]

Accordingly, it is respectfully RECOMMENDED:

1. That defendants Mason, Nieves and Swails' motion to dismiss (doc. 52) be GRANTED IN PART AND DENIED IN PART as follows:

    a.    The motion to dismiss for plaintiff's abuse of the judicial process should be DENIED.

    b.    The motion to dismiss for plaintiff's failure to state a claim for the injunctive relief he seeks should be GRANTED.

    c.    The motion to dismiss based on Eleventh Amendment and sovereign immunity should be DENIED.

    d.    The motion to dismiss plaintiff's due process claims for failure to state a claim should be GRANTED.

---

[8]The undersigned cites these cases only as persuasive authority and recognizes that the opinions are not considered binding precedent.  *See* 11th Cir. R. 36-2.

    e.    The motion to dismiss plaintiff's state law claims as barred by Florida's one-year statute of limitations and defendants' individual immunity from damages should be GRANTED.

2.  That defendant Brady's motion to dismiss (doc. 48) be GRANTED.

3.  That plaintiff's demand for injunctive relief be DISMISSED.

4.  That plaintiff's Fourteenth Amendment (substantive due process) claims against defendants Mason, Swails, Nieves and Brady be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

5.  That plaintiff's Eighth Amendment claims against defendants Brady and Nieves be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

6.  That plaintiff's state law claims against defendants Mason, Swails, Nieves and Brady be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

7.  That plaintiff's motion to amend (doc. 58) be DENIED and the proposed third amended complaint (doc. 59) NOT TAKE EFFECT.

8.  That this matter be remanded to the undersigned for further proceedings on plaintiff's individual capacity claims for damages against defendants Mason and Swails.

At Pensacola, Florida this 13th day of February, 2014.

*/s/ Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).