## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**CALEEM LARONDE,**

        **Plaintiff,**

**v.**                                  **Case No. 3:13cv4/MCR/CJK**

**CHARLES MASON, et al.,**

        **Defendants.**

_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case is before the court upon plaintiff's filing a document titled "Information to the Court; Seeking a Transfer from Institution" which has been docketed as a motion. (Doc. 67). Plaintiff also filed a document titled "Order to Show Cause for an Preliminary Injunction" which has been docketed as a motion for preliminary injunction. (Doc. 68). Because plaintiff fails to meet his burden of persuasion on the requisites for obtaining the injunctive relief he seeks, the motions should be denied.

Plaintiff is an inmate of the Florida Department of Corrections currently confined in Close Management Segregation at Santa Rosa Correctional Institution. Plaintiff's motions for injunctive relief assert that various officials at Santa Rosa CI (Sgt. Norris, Officer Figuerrez, Officer Correlli, Officer Moore and Lt. Mitchell) are

retaliating against him for filing this lawsuit by denying him an "indigent pen," denying him request forms for the law library, placing him on property restriction (for three days in February), denying him a food tray on various occasions, falsifying disciplinary reports, subjecting him to cell searches and taunting him.  (Doc. 67, pp. 1-2; Doc. 68, pp. 1-2).  Plaintiff asserts that he is "emotionally frustrated and . . . mentally scared," and that although he will continue to litigate this case, he "wants to be safe while litigating as law requires."  (Doc. 67, p. 3).  As relief, plaintiff's motion for transfer (doc. 67) seeks:  "for the court to issue order to the Warden Mr. Comerford at Santa Rosa C.I., to either tell his subordinates to stop harrassing [sic] the plaintiff and allow him to receive all indigent materials; or, transfer the plaintiff from Santa Rosa C.I." (*Id.*, p. 3).  Plaintiff's motion for preliminary injunction seeks an order "allow[ing] the law library to issue indigent pens to indigent inmates that's housed in Close Management Segregation, allow[ing] indigent inmates to receive indigent envelopes from the law library by request," and transferring plaintiff from Santa Rosa CI.  (Doc. 68, p. 3).

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court.  *Carillon Importers, Ltd. v. Frank Pesce Intern. Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (*citing United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)).  The four factors to be considered in determining whether temporary restraining or preliminary injunctive relief should be granted are whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

*Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (*citing Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995)).  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites."  *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed.  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing*, 887 F.2d at 1537; *United States v. State of Ala.*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986).  This necessitates that the relief sought in the motion be closely related to the conduct at issue in the actual complaint.  *Devose*, 42 F.3d at 471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975).  This also necessitates that the persons from whom the injunctive relief is sought be parties to the underlying action.  *See Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-43 (11th Cir. 1995).

Plaintiff has not met his burden of persuasion as to the four requisite elements. Plaintiff's underlying claim in this civil rights action is that defendants Mason and Swails unconstitutionally deprived him of prompt medical care for his broken arm in October of 2011.  (Doc. 48).  Plaintiff's present motions seek injunctive relief against persons who are not parties to this lawsuit based on conduct unrelated to the provision of medical care.  Plaintiff also has not demonstrated he suffers a substantial threat of irreparable injury.  The nature, volume and frequency of plaintiff's filings in this case demonstrate beyond any real question he is not being prevented or inhibited from prosecuting this action.

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's Motion Seeking a Transfer from Institution (doc. 67) and Motion for Preliminary Injunction (doc. 68) be DENIED.

At Pensacola, Florida this 13th day of March, 2014.


/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**



NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).