UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**CALEEM LARONDE,**

    Plaintiff,

v.                                    Case No.: 3:13cv4/MCR/CJK

**CHARLES MASON, et al.,**

    Defendants.
_____/

## ANSWER BY DEFENDANTS MASON AND SWAILS

Defendants **Mason** and **Swails** (hereinafter "Defendants") through undersigned counsel, submit the Answer, affirmative defenses, and demand for jury trial in response to Plaintiff's Second Amended Complaint (Doc. 48) and state as follows:

**I.    PLAINTIFF**:

Admitted.[1]

**II.    DEFENDANT(S)**:

    (1)    *Charles Mason*

           Admitted.

    (2)    *E. Swails*

           Admitted.

---

[1] The admissions/denials in this Answer in the Plaintiff and Defendant(s) sections are based on the date when the Second Amended Complaint was mailed by the Plaintiff to the Court (August 30, 2013).  (See Doc. 48 at 16.)

II.   **DEFENDANT(S) (cont.):**

(3)-(4) *I. Nieves and L. Brady*

Denied.[2]

III.   **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

*No response because this section only provides instructions.*

IV.   **PREVIOUS LAWSUITS**

A.   Denied that Leon County case no. 2012-CA-002410 was pending when Plaintiff filed the Second Amended Complaint; and remainder admitted.

B.   Admitted.

C.   Without knowledge, therefore denied.

A.[3]   **DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?**

Admitted.

D.   Denied.

---

[2]   (See Docs. 63, 72 (defendants Nieves and Brady were dismissed).)

[3]   There are two subsections entitled "A" under Section IV.  (Doc. 48 at 3, 5.)

V.  **STATEMENT OF FACTS:**

1. Admitted that, on October 29, 2011, Plaintiff reported that he slipped and fell while leaving the shower area; and without knowledge of remainder, therefore denied.

2. Admitted that Plaintiff was seen at the Medical Clinic of Santa Rosa Annex pursuant to a declared medical emergency; denied that he was seen at Santa Rosa Correctional Institution ("CI"); and without knowledge of remainder, therefore denied.

3. Admitted that October 29, 2011, was a Saturday, Plaintiff was seen by nursing staff, and medical staff arranged for security to transport the Plaintiff to Santa Rosa Medical Center; and without knowledge of remainder, therefore denied.

4. Admitted that Defendant Sergeant Mason and Officer B. Saturley arrived at the Medical Clinic to transport the Plaintiff to the Santa Rosa Medical Center; and remainder denied.

5. Admitted that Officer B. Saturley applied wrists and ankle restraints on the Plaintiff, and the handcuff on the left wrist was applied loosely; and remainder denied.

6. Admitted that Plaintiff was walked to the transporting section of Santa Rosa Annex, and not Santa Rosa CI; and remainder admitted.

V. **STATEMENT OF FACTS (cont.):**

7. Admitted that, upon arrival at Santa Rosa Medical Center, Plaintiff, Defendant Mason, and Officer Saturley initially waited in the emergency room, and a nurse took Plaintiff's vital signs; and remainder denied.

8. Admitted that Plaintiff was screened by Michael Sweet at Santa Rosa Medical Center for an x-ray of his fractured left forearm; without knowledge of if Michael Sweet is a nurse, therefore denied; and remainder denied.

9. Denied that Doctor Moudar Alshazley stated that the arm needed immediate operation; without knowledge of if Michael Sweet is a nurse, therefore denied; and remainder admitted.

10. Admitted that Defendant Mason informed Doctor Alshazley that he was only authorized to bring Plaintiff to Santa Rosa Medical Center for an x-ray, and that Doctor Alshazley informed Mason that he could not let Plaintiff leave the hospital without some treatment; without knowledge of Plaintiff's "pain and, disbelief," therefore denied; and remainder denied.

11-13. Denied.

14. Admitted that Doctor Alshazley wrapped Plaintiff's arm in a soft cast (splint) and provided him an arm sling; without knowledge of if Michael Sweet is a nurse, therefore denied; and remainder denied.

V.  **STATEMENT OF FACTS (cont.):**

15. Admitted that Plaintiff was discharged from Santa Rosa Medical Center's Emergency Room, his right arm and legs were restrained in cuffs, and he was taken back to the institution; and remainder denied.

16. Denied that Plaintiff's left hand was placed in handcuffs; admitted that, upon arriving at Santa Rosa Annex, not Santa Rosa CI, Plaintiff was escorted to the Medical Clinic; and remaindered admitted.

17-24. This paragraph is not directed to Defendants Mason and Swails, and is denied for that reason.

VI. **STATEMENT OF CLAIMS:**

25. Denied.

26-27. Denied. Moreover, the claims raised in this paragraph were dismissed by the Court (Docs. 63, 72), and are further denied for that reason.

28. Denied.

29. Denied. Moreover, excluded than the Eighth Amendment claim, the other claims raised in this paragraph were dismissed by the Court (Docs. 63, 72), and are further denied for that reason.

30. Denied. Moreover, the claims raised in this paragraph were dismissed by the Court (Docs. 63, 72), and are further denied for that reason.

31-34. The claims raised in this paragraph were dismissed by the Court (Docs. 63, 72), and are denied for that reason.

VI.  **STATEMENT OF CLAIMS (cont.):**

   35.   Denied.

VII.  **RELIEF REQUESTED**:

Denied that Plaintiff is entitled to any relief.

VIII.  **DEFENSES:**

   1.   Defendants Mason and Swails have not deprived Plaintiff of any rights, privileges, or immunities secured by the United States Constitution.

   2.   Plaintiff fails to state a cause of action against Defendants Mason and Swails.

   3.   Plaintiff fails to state a claim upon which relief can be granted against Defendants Mason and Swails.

   4.   Plaintiff fails to establish any violation or injury of his constitutional rights.

   5.   Defendants Mason and Swails are entitled to Qualified Immunity.

   6.   Plaintiff fails to establish any constitutionally cognizant injury.

   7.   Plaintiff is not entitled to compensatory or punitive damages, not entitled to mental or emotional damages, and not entitled to any other damages or costs.

IX.  **DEMAND FOR JURY TRIAL:**

Defendant Mason and Swails demand jury trial on all issues so triable.

Respectfully submitted,

**PAMELA JO BONDI**
**ATTORNEY GENERAL**

/s/ Marcus O. Graper
**MARCUS O. GRAPER**
**Assistant Attorney General**
**Florida Bar No. 0044049**
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
marcus.graper@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I hereby certify** that, on this 31st day of March, 2014, a true and correct copy of the foregoing *Answer by Defendants Mason and Swails* has been electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to **Michael J. Schofield**, Clark, Partington, Hart, Larry, Bond & Stackhouse, 125 West Romana Street, Suite 800, P.O. Box 13010, Pensacola, Florida 32591-3010 (Counsel for Defendant Brady); and that the foregoing has been furnished by U.S. Mail to **Caleem LaRonde, DC# H18323,** Santa Rosa Correctional Institution, 5850 East Milton Road, Milton, Florida 32583 (Plaintiff *pro se*).

/s/ Marcus O. Graper
MARCUS O. GRAPER

7