UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CALEEM LARONDE,

    Plaintiff,

v.                                         Case No: 3:13cv4/MCR/CJK

CHARLES MASON, et al.,

    Defendants.
_____/

## ORDER

    This prisoner civil rights case filed under 42 U.S.C. § 1983 is before the court upon defendants Mason and Swails' motion for summary judgment and evidentiary materials. (Doc. 122). Before the court rules on this matter, plaintiff shall have an opportunity to respond. Plaintiff's response should be guided by the following principles.

    Summary judgment will be granted if the defendants show: (1) "that there is no genuine dispute as to any material fact" and (2) that the defendants "[are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The rule does not require the party seeking summary judgment to submit evidence *negating* the opposing party's claim, but instead to demonstrate that the Rule 56 standard is satisfied. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986).

If plaintiff files a response to defendants' motion, such response should include affidavits and any other documents or materials required to be filed under Fed. R. Civ. P. 56 and N.D. Fla. Loc. R. 56.1(A).[1]  Evidentiary material acceptable for opposing a motion for summary judgment includes sworn affidavits or other sworn documentary or other evidence indicating the existence of a genuine issue of material fact.  Fed. R. Civ. P. 56(c)(1).  Affidavits must be based on personal knowledge, setting forth such facts as would be admissible into evidence and affirmatively showing that the affiant is competent to testify to the matters stated therein.  Fed. R. Civ. P. 56(c)(4).

Materials submitted on a motion for summary judgment are viewed in the light most favorable to the party opposing the motion (here, the plaintiff), but unreasonable and speculative inferences will not be drawn from the materials.  *Tyler v. Vickery*, 517 F.2d 1089 (5th Cir. 1975).  Plaintiff must dispute or contradict the defendants' argument with evidence of a substantial nature as distinguished from legal conclusions.  Plaintiff cannot successfully defeat a motion for summary judgment with mere formal denials or general allegations that do not disclose the facts in detail and with precision, nor can plaintiff simply rely upon the pleadings.  A general denial unaccompanied by any evidentiary support will not suffice.  *See* Fed. R. Civ. P. 56(e);

---

[1] Rule 56.1 provides: "Any motion for summary judgment filed pursuant to Fed.R.Civ.P. 56 . . . shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried.  Failure to submit such a statement constitutes grounds for denial of the motion."  N.D. Fla. Loc. R. 56.1(A).  The Rule further requires: "The party opposing a motion for summary judgment shall, in addition to other papers or matters permitted by the rules, file and serve a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried. . . .  All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be filed and served by the opposing party."  *Id.*

*see e.g.*, *Courson v. McMillian*, 939 F.2d 1479 (11th Cir. 1991); *Hutton v. Strickland*, 919 F.2d 1531 (11th Cir. 1991). If plaintiff does not file contrary evidence in the form of sworn affidavits or other materials in compliance with Rule 56, the court may accept the evidence filed by the defendants as true. Fed. R. Civ. P. 56(e)(2); *Brown v. Shinbaum*, 828 F.2d 707 (11th Cir. 1987).

Only those pleadings and evidentiary materials currently in the record or filed in accordance with this order will be considered by the court in ruling on defendants' motion. Defendants' motion for summary judgment will result in a final judgment without a full trial or any further proceeding if the pleadings, sworn affidavits, and other appropriate evidentiary materials in the record show that there is no genuine issue as to any material fact and that the defendants are entitled to a judgment as a matter of law. *Celotex*, *supra*; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Accordingly, it is ORDERED:

1. On October 15, 2014 (the "submission date"), defendants' motion for summary judgment will be deemed submitted on the motion, the pleadings, and the evidentiary materials filed in this case. On or at any time after this submission date, the court shall consider the motion for summary judgment and may resolve the motion and this case without an evidentiary hearing.[2]

2. On or before the submission date, plaintiff may file a response to the motion for summary judgment. Plaintiff should be careful to insure that the response, if any, complies with the provisions of Rule 56 of the Federal Rules of Civil Procedure, and

---

[2] This submission is without oral argument. If the court determines that oral argument on the motion is required, a date for the argument will be scheduled later.

*Case No: 3:13cv4/MCR/CJK*

Rule 56.1 of this Court's Local Rules.  Failure to follow the requirements of these rules may result in the motion being granted and final judgment being entered in favor of defendants without there being an evidentiary hearing or trial.

3.  Any documents or evidence filed after the submission date will not be considered by the court, absent exceptional circumstances.

DONE AND ORDERED this 15th day of September, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**